IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal No.. 02-00438 |
| | ) |
| Plaintiff, | ) DECLARATION OF |
| | ) JOHN D. MARSHALL |
| vs. | ) |
| | ) |
| AARON A. RUTLEDGE, ANTHONY A. RUTLEDGE, SR., a/k/a/ "TONY" RUTLEDGE, STAR-BEACHBOYS, INC., | ) ) ) ) |
| | ) |
| Defendants. | ) ) |

## DECLARATION OF JOHN D. MARSHALL

JOHN D. MARSHALL, hereby declares and says that:

1. I am an attorney licensed to practice law in the State of Hawai`i and to appear before this Court.

2. I am one of the attorneys for the Association of Apartment Owners of Pat's at Punalu'u in Punalu'u, on the Island of Oahu ("Pat's"). I make this Declaration based upon my personal knowledge, as well as my review and familiarity with the record in the two state court proceedings referred to below. I make this Declaration in connection with the Supplemental Memorandum In

Support Of Motion To Remove Item No. 37 ("Land - Punalu'u") From The List Of Unity House Assets Subject To Restraining Order, Or, In The Alternative, For An Order Allowing Entry of Interlocutory Decree of Foreclosure.

3. The Hanohano Hale condominium project and the Pat's at Punalu'u condominium project are located on adjacent parcels of land under long term leases from Hanohano Enterprises, Inc. ("HEI"), and Sarai Vahey ("Vahey"). In 1997 and 1998, HEI and Vahey conveyed their interests in these parcels, along with their interests in four other parcels they owned, which were located *mauka* of the condominium projects, to Unity House by way of warranty deeds. In turn, Unity House granted to HEI, Vahey and the Hanohano Family Incorporated ("HFI") an unrecorded option to purchase the properties back from Unity House. Unity House paid HEI, HFI, and Vahey a total of $3,744,406.00 in connection with the warranty deeds and the option agreement.

4. I join in and adopt as though set forth herein the declarations set forth in paragraph numbers 2 through 9 of the Declaration of Corey Y.S. Park which is attached to this Motion.

5. Pat's has taken the steps necessary to purchase its leased fee interest. For instance, the association has adopted the amendments to its governance documents required under state law for it to purchase its leased fee interest. It has also obtained a loan commitment letter from the Bank of Hawai`i to

finance the acquisition, and is presently in the process of satisfying the Bank's conditions under the loan commitment. Pat's is doing all that it can to effectuate a closing of the acquisition of its leased fee interest promptly on the Court's approval of the settlement agreement with Unity House.

I, JOHN D. MARSHALL, do declare under penalty of law that the foregoing is true and correct to the best of my knowledge.

DATED: Honolulu, Hawai`i, February 7, 2006.

_____
JOHN D. MARSHALL