IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | CR. NO.  02-00438 DAE |
| ) | |
| Plaintiff,    ) | |
| ) | |
| vs.    ) | |
| ) | |
| AARON A. RUTLEDGE,    ) | |
| ANTHONY A. RUTLEDGE, SR.,    ) | |
| a/k/a "TONY" RUTLEDGE,    ) | |
| STAR-BEACHBOYS, INC.,    ) | |
| ) | |
| Defendants.    ) | |
| _____ ) | |

ORDER REMOVING ITEM NO. 37 ("LAND – PUNALUU") FROM THE LIST OF UNITY HOUSE ASSETS SUBJECT TO RESTRAINING ORDER

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  After reviewing Unity House, Inc.'s motion, to which no opposition has been filed, the Court GRANTS the Motion to Remove Item No. 37 ("Land – Punaluu") From the List of Unity House Assets Subject to Restraining Order.

On December 10, 2004, this Court issued an Ex Parte Post-Indictment Restraining Order appointing EG&G Technical Services, Inc. as Receiver for Unity, Inc., and prohibiting Defendants and others affiliated with them, from

taking any action that would affect the value, marketability or legal interests of certain assets belonging to Unity House, Inc.  The assets subject to the restraining order were derived from a list prepared by Internal Revenue Service Agent Greg Miki ("Miki") and delineated in attachments A and B to the Restraining Order.

Item No. 37 of the list is entitled "Land – Punaluu" and has a corresponding value of $4,023,188.16.  However, upon reviewing the motion submitted by Unity House and the accompanying declarations and evidence, it appears that Item No. 37 was erroneously included in the list.  The evidence suggests that Item No. 37 is not a reference to land owned by Unity House, Inc., but rather denotes a loan taken by Unity House, Inc., which was used to fund another loan made by Unity House, Inc. to Hanohano Enterprises, Inc. and Sarai Vahey.  The collateral for the loan consisted of deeds to land in Punaluu.  In addition, it appears that Miki was unaware of the background regarding this item and included it on the list based on a cryptic notation in Unity House, Inc's financial documents where it was labeled as simply "Land – Punaluu". (Declaration of Brook Hart in Support of Mot. to Remove Item No. 37 ("Land – Punaluu") from the List of Unity House Assets Subject to Restraining Order, ¶ 2.)

In 1999, Unity House, Inc. filed an action for foreclosure in the Circuit Court of the First Circuit, State of Hawaii, Civil No. 99-2545-07, alleging that Hanohano Enterprises, Inc. and Sarai Vahey were in default of the loan. In February 2005, the state court entered its Findings of Fact and Conclusions of Law, in which it orally granted Unity House, Inc.'s Motion for Summary Judgment and for an Interlocutory Decree of Foreclosure. However, due to the fact that Item No. 37 is included in this Court's Restraining Order, counsel for Unity House, Inc. has been unable to submit a proposed final order to the state court for signature, which would allow Unity House, Inc. to foreclose on the property consistent with the state court ruling.

Upon careful consideration of the motion filed by Unity House, Inc., and the evidence submitted therewith, the Court concludes Item No. 37 was erroneously labeled as a "Fixed Asset" and included in this Court's Restraining Order. Therefore, this Court hereby GRANTS Unity House, Inc.'s Motion to Remove Item No.37 ("Land-Punaluu") From the List of Unity House Assets

Subject to Restraining Order, thereby permitting the state court to enter final judgment as to the proceedings in Civ. No. 99-2545-07.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 28, 2006.



_____
David Alan Ezra
United States District Judge

United States of America vs. Aaron A. Rutledge, et al., CR. No. 02-00438 DAE; ORDER REMOVING ITEM NO. 37 ("LAND – PUNALUU") FROM THE LIST OF UNITY HOUSE ASSETS SUBJECT TO RESTRAINING ORDER