IN THE UNITED STATES DISTRICT CIRCUIT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) Criminal No.: 02-00438 DAE |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| AARON A. RUTLEDGE, ANTHONY A. RUTLEDGE, SR., a/k/a "TONY" RUTLEDGE, STAR-BEACHBOYS, INC. | ) MEMORANDUM IN SUPPORT OF OBJECTION |
| Defendants. | ) |

MEMORANDUM IN SUPPORT OF OBJECTION

I.      **INTRODUCTION**

We object to the findings of the Stipulated [Proposed] Order Discharging the Receiver filed on June 5, 2006 ("Discharge Order") that EG&G Technical Services, Inc. (the "Receiver"), its employees, agents, and attorneys acted reasonably and in good faith in all matters relating to the receivership. We object to any findings or conclusions of law in the Discharge Order that could be used to usurp the jurisdiction of a sister Court to award sanctions against the Receiver and its agents for their conduct for the reasons set forth herein.

We base our objection on the specific conduct of the Receiver and its attorneys in the litigation of Unity House, Incorporated v. Rudy L. K. Tam et. al., Civil No. 05-1-2218-12 (BIA) in the Circuit Court of the First Circuit, State of Hawaii ("New Lawsuit").  We have served (but not filed as procedurally required by the Hawaii Rules of Civil Procedure) a Rule 11 Motion which faults the Receiver and its counsel for the filing of the New Lawsuit against OBJECTORS without reasonable inquiry.  We have also made a Rule 68 Offer of Settlement which was refused.

We are not asking for these issues to be resolved here.  Rather, we simply request that nothing in the Discharge Order be allowed to foreclose the Circuit Court of the First Circuit, State of Hawaii's authority to issue any sanctions in the New Lawsuit against the Receiver and its counsel.

## II.    ARGUMENT

Notwithstanding the limited immunity enjoyed by receivers in general, a receiver cannot be absolved of all liability.  A receiver is not immune from claims of theft or slander as those actions are not normal judicial functions. New Alaska Development Corp. v. Guetschow, 869 F.2d 1298, 1304 (9th Cir. 1989). Similarly, a receiver acting outside the jurisdiction of the enabling order creating the receivership has no immunity for those actions.  Id.

2

Here, we are simply requesting that the Discharge Order reflect that the Circuit Court in the New Lawsuit is in no way limited in treating the Receiver and its counsel like any other party or attorneys in its courtroom. Further, we object to anything in the Discharge Order that prevents the Circuit Court in the New Lawsuit from making its own findings as to the conduct of the Receiver and its counsel in the New Lawsuit. The blanket finding that the Receiver acted in good faith in all matters which is contained in the Discharge Order should be modified to reflect the lack of good faith in the filing of the First Amended Complaint against OBJECTORS in the New Lawsuit as there was absolutely no legal basis as detailed infra.

A. IT IS UNLIKELY THAT THE COMPLAINT IN THE NEW LAWSUIT WILL SURVIVE OBJECTORS' MOTION TO DISMISS TO BE HEARD ON JULY 20, 2006

The fact that the Receiver's Complaint may not even withstand a motion to dismiss is evidence of the lack of good faith in its filing. On June 14, 2006, OBJECTORS' Motions to Dismiss, Determine the Real Party in Interest, and Expunge Lis Pendens were heard. These Motions were continued to July 20, 2006 because of the Circuit Court's concern as to why this matter was even being prosecuted since there was a settlement agreement as to the claimed issues in the First Amended Complaint of the New Lawsuit. The continuance was to give the

Receiver an opportunity to fully examine, in view of all of the representations made, if the case should even go forward.

The main basis for OBJECTOR'S Motion to Dismiss was that these issues had previously been settled in a prior lawsuit, i.e. <u>City and County of Honolulu v. Unity House, Incorporated</u>, Civil No. 00-1-3637-11 ("Old Lawsuit"). A copy of OBJECTORS' Motion to Dismiss and Reply Memorandum are attached for the Court's reference as exhibits "A" and "B" respectively.

We do not desire to litigate this issue here. We simply want to point out how malicious the New Lawsuit is was given all of the available information to the Receiver. The Receiver even cited to the previous settlement of the Old Lawsuit in the First Amended Complaint to the New Lawsuit. Further, we want to be able to hold the Receiver and its counsel liable for their actions in the New Lawsuit that violate the Hawaii Rules of Civil Procedure and applicable law and leave us to our proof in that Court.

OBJECTORS have incurred substantial fees and costs to defend against the New Lawsuit and someone should be held accountable if OBJECTORS prevail. We do not want to be in a position where the Receiver and its counsel cannot be held liable because of the Discharge Order and then Unity House claims that it never authorized the suit and is also not responsible. We do not waive, in any manner, OBJECTORS' rights to be made whole in the New Lawsuit. The

Circuit Court should be allowed to make any findings on its own and not be bound by the Discharge Order.

> B. THE DISCHARGE ORDER LACKS JURISDICTION TO IMPOSE ITS FINDINGS ON THE AUTHORITY OF THE CIRCUIT COURT TO ISSUE SANCTIONS AGAINST PARTIES AND ATTORNEYS IN ITS COURTROOM

An exception should be made to the Discharge Order, if necessary, that the judge in a lawsuit filed by the Receiver continues to have the authority to treat the Receiver and its counsel like any other party and are subject to the Rules and Laws of the State of Hawaii for maintaining their action. The Discharge Order does not serve any interest in limiting the authority of judges in their own courtrooms to issue sanctions in cases before them and we submit it should not limit the Court where additional actions have been taken.

The Circuit Courts and District Courts of Hawaii have specific and inherent powers to sanction parties and counsel in its courtrooms. HRS § 603-21.9(1) & (6); Kukui Nuts of Hawaii, Inc. v. R. Baird & Co., 7 Haw. App. 598, 789 P.2d 501 (1990); Azer v. Courthouse Racquetball Corp., 9 Haw. App. 530, 549, 852 P.2d 75, 86 (1993). As such, these specific and inherent powers of the Hawaii State Courts should be considered outside the jurisdiction of the Discharge Order and not subject to its findings or conclusions of law. Discretion should be left with the individual State judge to handle his own courtroom and discipline as that judge sees fit. The threat of sanctions encourages proper court behavior.

Further, actions in violation of the Court's rules are not normal judicial functions and should not be granted immunity from sanctions of any kind imposed by the Court.

    C.    OBJECTORS' RULE 11 MOTION IS METICULOUSLY SUPPORTED AND FURTHERS THE PURPOSE OF EFFICIENT JUDICIAL ADMINISTRATION

We note here, as we did in our Rule 11 Motion, that it was the last resort after numerous attempts to resolve the case. OBJECTORS' Rule 11 Motion is attached as Exhibit "C" and incorporated herein by reference as if fully set forth.

Again, we do not want to litigate this issue here. We simply want to hold the Receiver and its counsel accountable for its actions made in State Court in the New Lawsuit which we believe to be malicious.

But, the facts contained in the Rule 11 Motion speak for themselves and we would like to briefly summarize for the convenience of the Court a few of the egregious examples contained therein of the Receiver's and its counsel's bad faith which should be penalized.

    ➢    The claims in the New Lawsuit were settled in the Old Lawsuit by a Settlement Agreement. <u>See</u>, Exhibit "A" (Settlement and Release Agreement attached to Exhibit "C".

    ➢    Worse, the Receiver and its counsel cited from the Settlement Agreement in the First Amended Complaint of the New Lawsuit. <u>See</u>, Exhibit "C"

6

(First Amended Complaint) attached to Exhibit "C". Hence, the Receiver and its counsel had full knowledge when filing the New Lawsuit that those claims had already been settled.

> ➢ Any right to the claimed Community Development Block Grant Program Income funds that were allegedly usurped by OBJECTORS was contained in a contract that **was amended to remove any such right by Unity House**. <u>See</u>, Exhibit "B" (Amendment Agreement Number 1 to the Subrecipient Agreement) attached to Exhibit "C". Hence, there was no basis for the New Lawsuit.

> ➢ Counsel for OBJECTORS notified counsel for the Receiver numerous times that there was no basis for the new Lawsuit and encouraged counsel to investigate the allegations as required by Rule 11. <u>See</u>, Exhibits "D" and "F" both attached to Exhibit "C".

> ➢ Counsel for OBJECTORS provided letters from individuals who attended the settlement negotiations in the Old Lawsuit and exonerated OBJECTORS. <u>See</u>, Exhibits "E" and "F" both attached to Exhibit "C". However, the Receiver and its counsel made no effort to dismiss the case or investigate further.

For all of the good that the Receiver and its counsel may have done as to the operations of Unity House, their actions in the New Lawsuit are

7

reprehensible. The Receiver and its counsel have used the New Lawsuit to obtain a Notice of Lis Pendens to further harass OBJECTORS. The authority for the Notice of Lis Pendens is questionable to say the least and also subject to dismissal on July 20, 2006 on an independent basis. See, Exhibits "D" and "E". The fact that the Receiver and its counsel continue to seek the Val Hala Apartments plus any profits from OBJECTORS **without a proper legal basis** is reminiscent of a shakedown.

The May 8, 2006 letter from the Receiver's counsel typifies their bad faith and arrogance in handling the litigation in the New Lawsuit. See, Exhibit "F". Receiver's counsel should have already known that (1) Unity House already settled the issue in the Old Lawsuit that the City, not Unity House, was the rightful owner of the CDBG Program Income funds used to purchase the Val Hala Apartments and (2) the contract that allegedly gave Unity House the right to the CDBG Program Income was **separately amended** pursuant to the Settlement Agreement in the Old Lawsuit to give any such right to the City. Despite this knowledge, Receiver's counsel claims, "Unity House, Inc. seeks that property [i.e. the Val Hala Apartments] because it rightfully belongs to Unity House." See, Exhibit "F" (brackets added). Worse, given the fact that there is no proper legal basis, the Receiver's counsels' threats of "long, hard, and expensive litigation" and linking that to Mr. Tam's "grave health problems" is unsavory. See, Exhibit "F".

This goes way beyond vigorous legal representation or misplaced confidence in the sufficiency of your case. During the time of the Old Lawsuit, Unity House was telling OBJECTORS to purchase the Val Hala Apartments to help Unity House settle the Old Lawsuit. Now, the Receiver and its counsel allege in the New Lawsuit that OBJECTORS breached their fiduciary duties and took away an opportunity from Unity House. As can be plainly seen by the numerous documents and representations made by individuals present at the settlement negotiations for the Old Lawsuit, all of which were available to the Receiver and its counsel prior to the filing of the New Lawsuit, the New Lawsuit is entirely frivolous.

      Whether or not the Receiver or any of its agents, employees, or attorneys voluntarily withdraws with prejudice the First Amended Complaint in the New Lawsuit is entirely up to them. But if no one does make such a withdrawal with prejudice, OBJECTORS want every available remedy at the State Court's disposal, including but not limited to Rule 11 and 68 sanctions; and attorneys' fees and costs under Hawaii statute.

### III.     **CONCLUSION**

      Based on the foregoing, Objectors object to the Stipulated [Proposed] Order Discharging the Receiver filed on June 5, 2006. The Discharge Order should be modified so a State Court can make its own findings as to the actions of

the Receiver and its counsel in its courtroom and order the appropriate sanctions against them, if any. They should not be allowed to prosecute a case in State Court with out being responsible for their action under the Laws of Hawaii and the Hawaii Supreme Court Rules as promulgated in the Hawaii Rules of Civil Procedure.

DATED:   Honolulu, Hawaii,   JUN 2 3 2006                    .

GRANT K. KIDANI
ALAN L. WONG
Attorneys for Objectors
RUDY L.K. TAM and INVESTMENT GROUP, LLC