KIDANI LAW CENTER
Attorneys at Law
A Law Corporation

GRANT K. KIDANI      2152-0
ALAN L. WONG         7051-0
300 Kidani Law Center
233 Merchant Street
Honolulu, Hawaii 96813
Telephone: (808) 521-0933

Attorneys for Defendants
RUDY L.K. TAM and INVESTMENT GROUP, LLC

STATE OF HAWAII
FILED

2006 MAY -9  AM 10: 56

F. OTAKE
CLERK

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| UNITY HOUSE, INCORPORATED, In Receivership | ) CIVIL NO. 05-1-2218-12 BIA ) (Other Non-Vehicle Tort) |
| Plaintiff, | ) |
| vs. | ) DEFENDANTS RUDY L.K. TAM AND ) INVESTMENT GROUP, LLC'S COMBINED ) MOTION TO DISMISS FIRST AMENDED |
| RUDY L.K. TAM and INVESTMENT GROUP, LLC, a Hawaii limited liability company, | ) COMPLAINT FOR INJUNCTIVE AND ) OTHER RELIEF FILED ON JANUARY 6, ) 2006 OR IN THE ALTERNATIVE A ) CONTINUANCE TO DETERMINE THE ) REAL PARTY IN INTEREST; ) MEMORANDUM IN SUPPORT OF ) MOTION; DECLARATION OF RUDY L.K. ) TAM; AFFIDAVIT OF GRANT K. KIDANI; ) EXHIBITS "A"-"C"; NOTICE OF HEARING |
| Defendants. | ) MOTION AND CERTIFICATE OF SERVICE ) |

Date: JUN 1 4 2006
Time: 10:00 a.m.
Judge Bert I. Ayabe



EXHIBIT **A**



DEFENDANTS RUDY L.K. TAM AND INVESTMENT
GROUP, LLC'S COMBINED MOTION TO DISMISS
FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF FILED ON JANUARY 6, 2006 OR IN THE ALTERNATIVE A
CONTINUANCE TO DETERMINE THE REAL PARTY IN INTEREST

COME NOW Defendants RUDY L.K. TAM and INVESTMENT GROUP, LLC

(hereinafter individually referred to as "Mr. Tam" and "Investment Group" and/or collectively

referred to as "Defendants"), by and through their attorneys the KIDANI LAW CENTER, and

hereby moves this Honorable Court for an order dismissing the Complaint for Injunctive and

Other Relief filed on December 15, 2005 or in the alternative a continuance to determine the real

party in interest.

The Receiver of Plaintiff Unity House, Incorporated ("Receiver") premised this

case on the allegations in the federal litigation in United States of America v. Aaron A. Rutledge,

et al., Cr. No. 02-00438 (DAE). Those allegations were never proven and that case has been

preempted by the ruling of the Ninth Circuit Court of Appeals vacating the Receivership. As a

result, there is no foundation for this litigation and the case should be dismissed.

In the alternative, this case should be continued until such time as the Board of

Directors of Unity House, Incorporated has had an opportunity to review the matter and make its

own decision on whether to prosecute the case. The Receivership has since been dissolved and

there is a transition process to return control of this case back to the newly re-formed Board of

Directors of Unity House, Incorporated. According to filings in US District Court, District of

Hawaii, the transition should be complete in May 2006.

This motion is brought pursuant to Rule 7 of the Rules of the Circuit Court of the

State of Hawaii and Rules 7, 12(b)(6), and 17 of the Hawaii Rules of Civil Procedure;

Memorandum in Support of Motion, Declaration of Rudy Tam, Affidavit of Grant K. Kidani and the records and files herein.

DATED:    Honolulu, Hawaii, _____ MAY 0 8 2006 _____.

_____

GRANT K. KIDANI
ALAN L. WONG
Attorneys for Defendants
RUDY L.K. TAM and
INVESTMENT GROUP, LLC

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| UNITY HOUSE, INCORPORATED, In Receivership | ) ) ) | CIVIL NO. 05-1-2218-12 BIA (Other Non-Vehicle Tort) |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM IN SUPPORT OF MOTION |
| RUDY L.K. TAM and INVESTMENT GROUP, LLC, a Hawaii limited liability company, | ) ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM IN SUPPORT OF MOTION

I.     **INTRODUCTION**

As stated in the Complaint, Plaintiff Unity House, Incorporated ("Plaintiff" or

"Unity House") was placed into receivership pursuant to the federal litigation in U.S. v. Aaron

A. Rutledge, et al., Cr. No. 02-00438 (DAE).  Subsequently, the receivership was vacated by the

Ninth Circuit Court of Appeals.  Currently, the Receiver over Unity House ("Receiver") is

turning over control of Unity House back to its original Board of Directors who have not

authorized this litigation.

The Receiver's First Amended Complaint filed on January 6, 2006 (hereinafter

"First Amended Complaint" or "Complaint") is an amalgam of contradictory allegations that do

not support the claims therein.  Therefore, the Complaint should be dismissed as a matter of well

settled law as no amendment can save it.

In the alternative, this case should be continued until the real party in interest, i.e. Plaintiff Unity House through its Board of Directors, has had an opportunity to make an appearance. The receivership is currently winding down. Otherwise, the Receiver may be inadvertently burdening Plaintiff with expensive litigation that it cannot prevail.

## II.        STATEMENT OF FACTS

### A.        ACCORDING TO THE ALLEGATIONS OF THE COMPLAINT:

➤       The United States Department of Housing and Urban Development ("HUD") provided funds to its Community Development Block Grant ("CDBG") program.  See, ¶ 12 of Complaint attached as Exhibit "A".  As admitted in the Complaint, **"HUD granted the CDBG funds to the City".**  See, ¶ 12 of Complaint attached as Exhibit "A" (bold added).

➤       In or about 1998, the City and County of Honolulu ("City") provided funding to Unity House for purchase of property for the Lokahi Greens development.  See, ¶ 12 of Complaint attached as Exhibit "A".

➤       On or about November 29, 2000, the City sued Unity House for breach of contract related to the Lokahi Greens development.  See, ¶ 13 of Complaint attached as Exhibit "A".

➤       Prior to April 2002, HUD held the City, not Unity House, liable for $1.1 million to HUD's CDBG program.  See, ¶ 15 of Complaint attached as Exhibit "A".  Apparently, HUD never had any relationship with Unity House.

➤       The City claimed that Unity House owed money to the CDBG program. See, ¶ 14 of Complaint attached as Exhibit "A".

2

&#10148;      In 2003, there was a global settlement agreement amongst the City, **Unity House**, and Defendant Investment Group ("Settlement Agreement"). See, ¶ 19 of Complaint attached as Exhibit "A" (emphasis added).

&#10148;      The Settlement Agreement resolved the City's claims against Unity House relating to the Lokahi Greens Development. See, ¶ 20 of Complaint attached as Exhibit "A". We note also that according to the Complaint, there are no allegations that HUD made any claims against Unity House or DEFENDANTS as HUD's claim was against the City.

&#10148;      As admitted in the Complaint, the Settlement Agreement provided that "**Unity House would 'return' the CDBG income to the City**". See, ¶ 21 of Complaint attached as Exhibit "A" (bold added). The "return" was accomplished by transferring the CDBG funds to Investment Group, LLC for use in the Val Hala Apartments project." See, ¶ 21 of Complaint attached as Exhibit "A". The Val Hala Apartments were eligible under the CDBG program. See, ¶ 18 of Complaint attached as Exhibit "A".

&#10148;      The amount of the investment which satisfied HUD'S and the City's concerns was alleged to be $1.1 million. See, ¶ 22 of Complaint attached as Exhibit "A".

&#10148;      On December 10, 2004, Plaintiff Unity House was placed into receivership. See, ¶ 4 of Complaint attached as Exhibit "A".

&#10148;      On or about January 19, 2005, the Receiver terminated Defendant Tam's employment with Unity House. See, ¶ 10 of Complaint attached as Exhibit "A".

&#10148;      On December 15, 2005, the Receiver filed the Complaint.

&#10148;      On January 6, 2006, the Receiver filed the First Amended Complaint.

B.      **ACCORDING TO THE FACTS OBTAINED THROUGH JUDICIAL NOTICE:**

DEFENDANTS request the Court to take judicial notice of this information pursuant to Hawaii Rules of Evidence (HRE) Rule 201. The courts can take judicial notice of matters of common knowledge. State v. Alsip, 2 Haw. App. 259, 262 (1981). Hawaii courts have already taken judicial notice of facts found in newspaper articles. Allen v. City of Honolulu, 58 Haw. 432, 438 (1977)(Trial court took judicial notice of facts found in newspapers); Application of Pioneer Mills Co., 53 Haw. 496, 497 fn. 1 (1972)(Judicial notice of announcement made in newspaper). Further, the information is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." HRE Rule 201(b).

Here, the litigation in the related federal litigation and the appeal vacating the receivership is relevant. The receivership should not have been imposed.

➢ At the time Unity House was put under receivership, Unity House had already been converted from a "member" to a "non-member" corporation. See, U.S. v. Rutledge, 437 F.3d. 917, 919 (9th Cir. 2006).

➢ The Ninth Circuit Court of Appeals vacated the preliminary injunction imposing the receivership on Unity House. See, U.S. v. Rutledge, 437 F.3d. 917, 919 (9th Cir. 2006).

➢ The Receiver and its counsel are to make good faith efforts to complete the Receiver's final report by May 13, 2006. See, Stipulation and Order Re: Preparation and Filing of Receiver's Final Report; Exhibit "A" filed on April 13, 2006 in the federal litigation attached as Exhibit "B" for the Court's reference.

>     After the Receiver's final report has been filed, the Board of Directors of Unity House and its counsel are to sign a stipulated order discharging the Receiver. <u>See</u>, Exhibit "B".

## III.    <u>STANDARD OF REVIEW ON A MOTION TO DISMISS</u>

In determining the sufficiency of the complaint under HRCP Rule 12(b)(6), well-pleaded allegations of fact are taken as admitted, and the complaint should not be dismissed unless plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. <u>Midkiff v. Castle and Cooke, Inc.,</u> 45 Haw. 409, 414 (1962). Although pleadings are construed liberally, a complaint may be dismissed if it appears beyond doubt that plaintiffs can prove no set of facts entitling them to relief. <u>Bertelmann v. Taas Assocs.,</u> 69 Haw. 95, 98 (1987). Likewise, in weighing the allegations of the complaint against a motion to dismiss, a court is not required to accept conclusory allegations on the legal effect of the events alleged. <u>Marsland v. Pang</u>, 5 Haw. App. 463, 474 (Ct. App. 1985).

## IV.    ANY DERIVATIVE TYPE CLAIMS MADE ON BEHALF OF "MEMBERS" SHOULD BE DISMISSED

The Receiver seems to have premised the claims and the relief requested in this Complaint on some of the allegations in the federal litigation. Namely, that Plaintiff Unity House was improperly converted from a "member" to a "non-member" corporation. The Complaint alleges that "No vote of Unity House's members were taken to approve this transaction" and "Unity House members never consented to Tam's acquisition of the Val Hala Apartments project. <u>See</u>, ¶¶ 21 and 26 of the Complaint attached as Exhibit "A".

However, the resolution of the federal litigation did not change the "non-member" status of Unity House. Unity House continues to be a non-member corporation. <u>See</u>, <u>U.S. v.</u>

5

Rutledge, 437 F.3d. 917, 919 (9th Cir. 2006).  To the extent that the Receiver is alleging

derivative claims by the "members" of Unity House, they should be dismissed.  Unity House is a

non-member corporation.

V.          **THE FIRST CAUSE OF ACTION (USURPATION OF CORPORATE OPPORTUNITY) AGAINST DEFENDANT MR. TAM SHOULD BE DISMISSED.**

A.          **ONLY DIRECTORS AND OFFICERS OF A CORPORATION CAN BE LIABLE FOR USURPATION OF A CORPORATE OPPORTUNITY**

Defendant Mr. Tam did not have the necessary relationship with Plaintiff to be

liable for usurpation of corporate opportunity.  Only a corporate officer or director of a

corporation can be liable for usurping a corporate opportunity.

> [I]f there is presented to a corporate officer or director a business opportunity which the corporation is financially able to undertake, is, from its nature, in the line of the corporation's business and is of practical advantage to it, is one in which the corporation has an interest or a reasonable expectancy, and, by embracing the opportunity, the self-interest of the officer or director will be brought into conflict with that of his corporation, the law will not permit him to seize the opportunity for himself.

Lussier v. Mau-Van Development, Inc., 4 Haw. App. 359, 368 (1983)(citing Guth v. Loft, Inc.,

23 Del.Ch. 255, 5 A.2d 503 (1939)).  The doctrine of corporate opportunity "prohibits a director

or officer from appropriating to himself a business opportunity which in fairness should belong

to the corporation." Id. (citing Toledo Trust Co. v. Nye, 392 F.Supp. 484, 487 (N.D.Ohio

1975)).

The obvious reasoning for holding directors and officers of a corporation liable

for usurpation of a corporate opportunity is that these positions can unilaterally act on behalf of

the corporation.  Officers and directors ratify actions made by themselves so there is an inherent

conflict of interest.

Here, Defendant Mr. Tam was never a director or officer of Unity House. Plaintiff only claims that Defendant Mr. Tam had a "contractual or other relationship with Unity House via 'Consulting Agreements'". See, ¶ 10 of Complaint attached as Exhibit "A". Defendant Mr. Tam never had any of these ratification powers and therefore cannot be held liable under a claim of usurping a corporate opportunity. There is no case law to support that claim. Anything Defendant Mr. Tam is alleged to have done would have had to be ratified by an officer and/or director of Unity House. As such, there is also no basis for extending the doctrine of corporate opportunity to an employee such as Mr. Tam. To do so would cause any opportunities encountered by any employees of a corporation to be subject to "usurpation." There would be no logical end to potential liability.

B.    **THE RE WAS NO CORPORATE OPPORTUNITY TO USURP BECAUSE UNITY HOUSE DID NOT OWN THE CDBG FUNDS**

There was no corporate opportunity for Defendant Mr. Tam to usurp because the CDBG funds never belonged to Plaintiff. As stated above, the opportunity must be one in "which the corporation is financially able to undertake". Lussier v. Mau-Van Development, Inc., 4 Haw. App. at 368. Otherwise, there is no corporate opportunity.

Here, there was no opportunity for Unity House that it was financially able to take. The Receiver simply takes creative license in interpreting the facts in its own Complaint. It must be remembered that the City **sued** Unity House for breach of contract in November 2000 for the Lokahi Greens Development. See, ¶ 13 of Complaint attached as Exhibit "A". The City also claimed that Unity House owed money to the CDBG program. See, ¶ 14 of Complaint attached as Exhibit "A". For Unity House to then say that Defendants "never gave Unity House any interest in the Val Hala Apartments project, despite using Unity House's monies to fund the Val Hala Apartments project…" is a complete fabrication. See, ¶ 21 of Complaint attached as

Exhibit "A". Those "Unity House's monies" belonged to the CDBG program and were returned to the City as part of a settlement. See, ¶ 21 of Complaint attached as Exhibit "A".

The fact that Unity House claimed the CDBG money as its own in the November 2000 litigation with the City does not mean it can now disavow the Settlement Agreement. The CDBG money never belonged to Unity House that was the whole point of the City claiming that Unity owed money to the CDBG program. The Receiver is simply being arrogant on Unity House's position. If Unity House could have settled with the City and kept the money for their own uses like they wanted to originally, they would have. However, Unity House was being sued by the City at the time. There was no corporate opportunity for Unity House. Unity House had to return the CDBG funds, not use them.

It defies belief that the Receiver is suggesting that from at least November 29, 2000 to sometime in 2003, all Unity House had to do was promise the City to use the CDBG funds on an eligible project and they would be allowed to do it. Yet, Unity House never thought of using CDBG funds for a CDBG eligible project despite all the expensive litigation with the City. The fact is that Unity House never thought those monies were CDBG funds and were improperly withholding them from the City. Unity House settled the claims against it by the City and now wants to relitigate old issues against Defendants. This case is a complete waste of time and money that the Receiver is continuing for no good reason.

## C.    UNITY HOUSE CONSENTED TO THE ACTIONS TAKEN BY MR. TAM

Unity House consented to the transaction and the actions taken by Defendants.

We hold that there is no corporate opportunity if (1) the corporation is financially unable to undertake it and (2) before a director or officer seizes such opportunity for himself, he discloses the opportunity to the shareholders and **obtains their consent to the acquisition of the opportunity** and such action is not detrimental to the corporate creditors.

<u>See Hill v. Hill</u>, 279 Pa.Super. 154, 420 A.2d 1078 (1980).

<u>Lussier v. Mau-Van Development, Inc</u>., 4 Haw. App. at 368-69 (emphasis added). Assuming *arguendo* that someone other than an officer or director could be liable, which he or she could not; and that there was even a corporate opportunity in the first place, which there was not; **consent is a defense**.

Here, there are no shareholders or members because Unity House is a non-member corporation. <u>See, U.S. v. Rutledge</u>, 437 F.3d. at 919. Consequently, consent by the board of directors would also be a defense which it did. The Complaint specifically alleges that Unity House signed the Settlement Agreement. <u>See</u>, ¶ 19 of the Complaint attached as Exhibit "A". Only the board of directors could enter into the Settlement Agreement. Further, Unity House knew that as part of the Settlement Agreement the monies would be **transferred to the City**, which in turn would be transferred to Defendant Investment Group. <u>See</u>, ¶ 21 of the Complaint attached as Exhibit "A". Therefore, Unity House did consent.


VI.       **THE <u>THIRD</u> CAUSE OF ACTION (BREACH OF CONTRACT) AND RELATED <u>SECOND</u> CAUSE OF ACTION (BREACH OF FIDUCIARY DUTIES) AND <u>FOURTH</u> CAUSE OF ACTION (BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING) AGAINST DEFENDANT MR. TAM SHOULD BE DISMISSED**

   A.     **THE THIRD CAUSE OF ACTION (BREACH OF CONTRACT) FAILS TO STATE WHAT TERMS OF A CONTRACT WERE BREACHED**

The Receiver never states what terms of the alleged agreement between Defendant Mr. Tam and Unity House were breached. *Au v. Au*, 63 Haw. 210 (1981) (a plaintiff in a breach of contract claim must specify which provisions in a contract were in fact breached).

We note that in a breach of contract action, the plaintiff's complaint "must cite, at a minimum, the contractual provision allegedly violated." <u>Ho v.</u>

> State Farm Mut. Auto. Ins. Co., 926 F.Supp. 964, 968 (D.Hawai'i 1996), aff'd in part and rev'd in part, Ho v. State Farm Ins. Cos., 117 F.3d 1425 (9th Cir.1997) (unpublished opinion).

Kohala Agriculture v. Deloitte & Touche, 86 Haw. 301, 307, fn. 7 (1997).  There can be no claims for breach of contract, breach of fiduciary duties[1], or breach of duty of good faith and fair dealing without an obligation to do so in the first place.  Hence, if no provisions of the contract are cited as breached the complaint should be dismissed.

Here, the Receiver simply makes conclusory allegations which the Court is not required to accept.  Marsland v. Pang, 5 Haw. App. at 474.  No contract is quoted or attached.  Defendants cannot defend themselves if they do not know what they are alleged to have done or breached.

Even if there were a contract properly alleged, there is no possible way Plaintiff can amend the Complaint to circumvent that Unity House approved of transaction which is admitted in the Complaint.  Therefore, Plaintiffs Third Cause of Action  should be dismissed.

**B.    THE RELATED SECOND CAUSE OF ACTION (BREACH OF FIDUCIARY DUTY) AND FOURTH CAUSE OF ACTION (BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING) ARE DERIVATIVE OF THE BREACH OF CONTRACT CLAIM**

The Receiver's claims of breach of fiduciary duty and breach of duty of good faith and fair dealing are derivative of its breach of contract claim.  As such, these derivative claims should be dismissed as well.

**VII.    THE FIFTH CAUSE OF ACTION (UNJUST ENRICHMENT/ RESTITUTION/DISGORGEMENT/CONSTRUCTIVE TRUST) AGAINST DEFENDANTS SHOULD BE DISMISSED**

---

[1] A breach of fiduciary duty sounds in contract.  Azer v. Myers, 71 Haw. 506, 517 (1990).

There can be no unjust enrichment/restitution/disgorgement/constructive trust because Unity House never owned the CDBG funds as explained above. Under the facts alleged, there is nothing for Defendants to disgorge.

There is also no justification for a constructive trust. We incorporate by reference as if fully set forth herein our Motion to Expunge Notice of Lis Pendens and its supporting memorandum, exhibits and records submitted to the Court for filing on May 8, 2006. For the reasons set forth in that separate motion and its submittals, any remedy for constructive trust should be dismissed.

VIII.     **THE FOUNDATION OF THE RECEIVER'S AUTHORITY WAS ERRONEOUS AND ITS ACTIONS NEED TO BE RATIFIED**

The Ninth Circuit Court of Appeals determined that the basis for the imposition of the preliminary injunction imposing the receivership was erroneous. See, U.S. v. Rutledge, 437 F.3d. 917, 919 (9th Cir. 2006). As such, there was no proper basis for the receivership and the actions of the Receiver need to be authorized by the board of directors of Unity House before they can have any force or effect; which it has not done.

The Order of the US District Court winding down the receivership was intended to minimize any damage caused by its imposition in the first place. To that end, the Complaint should be dismissed as the allegations lack a basis in fact. Continuing the actions of the Receiver only minimizes the true authority of the board of directors of Unity House and is contrary to the Ninth Circuit ruling vacating the receivership. This action should be immediately dismissed to avoid unnecessary litigation and costs to Unity House.

IX.      **HAWAII LAW REQUIRES THAT THE REAL PARTY IN
         INTEREST LITIGATE THE CASE**

Although a complaint is not normally dismissed for not being prosecuted in the name of the real party in interest, the unique circumstances here require such an action to be considered.

> Every action shall be prosecuted in the name of the real party in interest.
>
> ...
>
> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

HRCP, Rule 17(a).

A.      **THE RECEIVERSHIP IS WINDING DOWN AND THE CASE
        SHOULD BE DISMISSED, IN THE ALTERNATIVE, WITHOUT
        PREJUDICE**

There is no dispute that the Receiver will be handing over the responsibilities in this case to the board of directors of Unity House in a matter of weeks. Further, many of the allegations in the First Amended Complaint were based on facts that now cannot be proven as shown above.

Therefore, if the Court is not inclined to grant our motion to dismiss with prejudice, we respectfully request that the First Amended Complaint be dismissed without prejudice. The First Amended Complaint has numerous flaws. Dismissal without prejudice would allow Unity House to fully review the case and make any necessary amendments. Further, if the Board of Directors of Unity House are not inclined to pursue the matter, no more action would be required.

**B.    FACTS RELEVANT TO CONTINUATION TO DETERMINE THE REAL PARTY IN INTEREST**

A letter received from a representative of HUD who was present at the negotiations, which occurred over multiple meetings, indicates that Unity House did not want to purchase the Val Halla Apartments as it "was not willing to obligate itself to comply with any further CDBG rules and regulations." See, Exhibit "C". We offer this as additional proof that the board of directors of Unity House are the only one's to legitimately take action before this case goes any further. At a minimum, this case should be continued until such time as the Board of Directors of Unity House can review it.

**X.       CONCLUSION**

Based on the foregoing reasons, the Memorandum in Support of Motion, and the records and files herein, it is respectfully submitted and requested that this Honorable Court dismiss Plaintiff's First Amended Complaint, filed on January 6, 2006 with prejudice and award Defendants their attorneys' fees and costs in defending this action.

DATED:        Honolulu, Hawaii,    MAY 0 8 2006                                    .

GRANT K. KIDANI
ALAN L.W ONG
Attorneys for Defendants
RUDY L.K. TAM and
INVESTMENT GROUP, LLC

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| UNITY HOUSE, INCORPORATED, In Receivership | ) ) ) | CIVIL NO. 05-1-2218-12 BIA (Other Non-Vehicle Tort) |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | DECLARATION OF RUDY L.K. TAM |
| RUDY L.K. TAM and INVESTMENT GROUP, LLC, a Hawaii limited liability company, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## DECLARATION OF RUDY L.K. TAM

I, RUDY TAM, under penalty of perjury, declare as follows:

1.     I am a defendant in the above-entitled action <u>Unity House, Inc. v. Rudy L.K. Tam, et al.,</u> Civil No.: 05-1-2218-12(BIA). I have personal knowledge of all facts and circumstances stated herein unless otherwise stated upon information and belief;

2.     That attached hereto as Exhibit "A" is a true and accurate copy of the First Amended Complaint in this matter filed on January 6, 2006;

3.     That attached hereto as Exhibit "B" is a true and accurate copy of the <u>Stipulation and Order Re: Preparation and Filing of Receiver's Final Report; Exhibit "A"</u> filed on April 13, 2006 in <u>U.S. v. Aaron A. Rutledge</u>, et al., Cr. No. 02-00438 (DAE) in US District Court, District of Hawaii;

4.     That attached hereto as Exhibit "C" is a true and accurate copy of a letter dated April 20, 2006 from Mark A. Chandler, Director Office of Community Planning and

Development at the U.S. Department of Housing and Urban Development to Declarant;

I declare, under penalty of perjury that the foregoing is true and correct.

DATED:        5-8-06

RUDY L.K. TAM

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| UNITY HOUSE, INCORPORATED,<br>In Receivership | ) | CIVIL NO. 05-1-2218-12 BIA<br>(Other Non-Vehicle Tort) |
| | ) | |
| Plaintiff, | ) | |
| | ) | AFFIDAVIT OF GRANT K. KIDANI |
| vs. | ) | |
| | ) | |
| RUDY L.K. TAM and INVESTMENT<br>GROUP, LLC, a Hawaii limited liability<br>company, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

AFFIDAVIT OF GRANT K. KIDANI

| | | |
|---|---|---|
| STATE OF HAWAII | ) | |
| | ) | SS. |
| CITY AND COUNTY OF HONOLULU | ) | |

GRANT K. KIDANI, being first duly sworn on oath, deposes and states as follows:

1.     That Affiant is the managing partner of the law firm of KIDANI LAW CENTER, and has been licensed to practice law in the State of Hawaii since 1978 specializing in civil trial practice and that he is a member of the Hawaii State Bar Association in good standing;

2.     That Affiant has been retained to represent Defendants in Unity House, Inc. v. Rudy L.K. Tam, et al., Civil No.: 05-1-2218-12(BIA);

3.     That attached hereto as Exhibit "A" is a true and accurate copy of the First Amended Complaint in this matter filed on January 6, 2006;

4.    That attached hereto as Exhibit "B" is a true and accurate copy of the

Stipulation and Order Re: Preparation and Filing of Receiver's Final Report: Exhibit "A" filed

on April 13, 2006 in U.S.  v. Aaron A. Rutledge, et al., Cr. No. 02-00438 (DAE) in US District

Court, District of Hawaii;

5.    That attached hereto as Exhibit "C" is a true and accurate copy of a letter

dated April 20, 2006 from Mark A. Chandler, Director Office of Community Planning and

Development at the U.S. Department of Housing and Urban Development to Declarant;

FURTHER AFFIANT SAYETH NAUGHT.

_____
GRANT K. KIDANI


Subscribed and sworn to before me
this 8th day of _____May_____, 2006.

_____
Deborah Kaio
Notary Public, State of Hawaii
My Commission Expires: 09/08/06

CARLSMITH BALL LLP
STEVEN M. EGESDAL  4511-0
ASB Tower, Suite 2200
1001 Bishop Street
Honolulu, HI  96813
Tel No. 808.523.2500
Fax No. 808.523.0842

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2005 JAN -6  PH 4: 05

H. CHING
CLERK

LAW OFFICES OF BROOK HART
A Law Corporation
BROOK HART  0723-0
333 Queen Street, Suite 610
Honolulu, Hawaii  96813
Telephone:  808.526.0811

Attorneys for Plaintiff
UNITY HOUSE, INCORPORATED, IN RECEIVERSHIP

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| UNITY HOUSE, INCORPORATED, In Receivership, | CIVIL NO. **05-1-2218-12 (BIA)** (Other Non-Vehicle Tort) |
| Plaintiff, | FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF; EXHIBIT "A"; DEMAND FOR JURY TRIAL; SUMMONS |
| vs. | |
| RUDY L.K. TAM and INVESTMENT GROUP, LLC, a Hawaii limited liability company, | |
| Defendants. | |

## FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Comes now Plaintiff UNITY HOUSE, INCORPORATED, IN RECEIVERSHIP

(hereinafter referred to as **"Unity House"** or **"Plaintiff"**), and alleges and avers as follows:

### I.    INTRODUCTION

1.    This action alleges that defendant Rudy L. K. Tam (hereinafter **"Tam"**) held a

position of trust and confidence at Unity House.  By using monies controlled by Unity House to

EXHIBIT  A

4825-1147-1360.5

I do hereby certify that this is a full, true and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

undertake a major investment on his own behalf that he rightly should have presented to Unity

House, Tam usurped a corporate opportunity, breached his fiduciary duties and contractual

obligations to Unity House, and was unjustly enriched.

2.      Defendant Investment Group, LLC, is a Hawaii limited liability company

controlled by Tam.  Tam used Investment Group, LLC as a vehicle to undertake the investment

at issue in this lawsuit.  As a beneficiary of Tam's unlawful actions, Investment Group, LLC has

been unjustly enriched.

3.      This action seeks injunctive relief in the form of a constructive trust, restitution,

and damages.

## II.    PARTIES

4.      Unity House is a non-profit organization incorporated in Hawaii.  Initially funded

by contributions from members of various local unions, Unity House has provided services to

Hawaii's working people for over 50 years.  Unity House's programs include, among other

things, scholarships, financial assistance for childcare, and a senior center that provides classes

and other activities for retirees.  In order to maintain and maximize its assets, Unity House has

regularly invested in real estate.  In federal criminal proceedings, Unity House was placed in

receivership on December 10, 2004.  EG&G Technical Services, Inc. is the court-appointed

receiver of Unity House and is currently overseeing Unity House's operations.  A copy of the

order appointing the receiver (**"Receiver Order"**) is attached hereto and incorporated by

reference as Exhibit "A".  This lawsuit is consistent with the terms of the Receivership Order,

which charges the receiver with, among other things, making all reasonable business decisions

on behalf of Unity House and maintaining and repatriating Unity House assets.

4825-1147-1360.5

5.    Tam is a resident of the City and County of Honolulu, Hawaii. From at least 1996 through 2004, he was employed by Unity House. He served on Unity House's Investment Committee and provided various services related to real estate and other investments. For these services, he was paid approximately $5,000 to $6,000 per month, plus various expenses and bonuses. Unity House terminated Tam on or about January 19, 2005.

6.    Investment Group, LLC is a Hawaii manager-managed limited liability company organized on or about January 11, 1999, under Hawaii's Uniform Limited Liability Company Act (Haw. Rev. Stat. Ch. 428). Its office and principal place of business is in Honolulu, Hawaii. Tam is and has been Investment Group, LLC's sole member and manager. Investment Group, LLC is an alter ego of Tam. Investment Group, LLC's registered mailing address is the same as Unity House's: 1701 Ala Wai Boulevard, Honolulu, Hawaii, 96815.

### III.    JURISDICTION AND VENUE

7.    This Court has jurisdiction over this matter pursuant to Haw. Rev. Stat. § 603-21.5(a)(3).

8.    Venue is proper in this circuit under Haw. Rev. Stat. § 603-36(5) because Tam resides in the First Circuit, Investment Group, LLC is headquartered in the First Circuit, and the claim for relief arose in the First Circuit.

### IV.    ALLEGATIONS COMMON TO ALL COUNTS

A.    Tam's Relationship to Unity House

9.    Tam, or an organization affiliated with and controlled by Tam, was hired by Unity House, or an organization affiliated with and controlled by Unity House, on or before March 1, 1996. Tam was hired to provide various services to Unity House, including advising Unity House in its real estate investments and other investments. As part of his services to Unity

4825-1147-1360.5

House, Tam served on Unity House's Investment Committee. Tam occupied a position of trust and confidence with respect to Unity House.

10.    Tam was employed by Unity House for all or most of the period from at least 1996 until or about January 19, 2005, when he was terminated. For all or part of this time, "Consulting Agreements" existed between Tam (or a Tam-controlled entity) and Unity House (or a Unity House-controlled entity), which purport to establish the terms of the relationship between Tam (or the relevant Tam-controlled entity) and Unity House (or the relevant Unity House-controlled entity). In or about 2003, Tam had a contractual or other relationship with Unity House under which he continued to provide services to, and receive compensation from, Unity House.

B.    The Lokahi Greens Development

11.    In or about April 1998, Unity House contracted with the City and County of Honolulu (the "City") to purchase certain property in Ewa Villages, Hawaii. Unity House planned to develop this land for residential use. The development was and is known as Lokahi Greens. For some period currently unknown, Tam managed the Lokahi Greens project for Unity House.

12.    The purchase of property for the Lokahi Greens development was to take place in two phases. The first phase ("**Phase I**") was consummated in 1998, and consisted of 96 housing lots. Unity House's $9.2 million Phase I purchase was funded in part by $7.3 million provided by the United States Department of Housing and Urban Development ("**HUD**"). These funds were part of HUD's Community Development Block Grant ("**CDBG**") program. HUD did not directly grant the CDBG funds to Unity House; rather, HUD granted the CDBG funds to the City, which, in turn, provided them to Unity House. The use of the CDBG funds was subject to

4825-1147-1360.5

certain restrictions imposed by the CDBG program. The 96 lots of Phase I, unlike the 57 lots that were to comprise the second phase of the purchase (**"Phase II"**), were to be low-to-moderate income housing. Unlike the Phase I purchase, the Phase II purchase was not to have been funded with CDBG funds.

13.    The Phase II purchase was never consummated. The City alleged that Unity House's failure to complete the Phase II purchase was a breach of contract. Unity House disputed this claim. On or about November 29, 2000, the City sued Unity House for its failure to complete the Phase II purchase.

14.    Unity House developed and sold the 96 lots that were purchased as part of Phase I. Under CDBG program regulations, a certain portion of the proceeds from those sales was to have been returned to the CDBG program. Unity House allegedly did not return any of the proceeds to the CDBG program.

15.    At some date currently unknown but prior to April 2002, HUD conducted an audit that detected approximately $1.1 million in proceeds from the sale of the Phase I lots that should have been put back into the CDBG program (the **"program income"**). HUD demanded that the City repay this program income. HUD threatened the City with the loss of additional HUD monies if the City failed to collect the program income from Unity House or otherwise return the program income.

C.    Settlement Negotiations

16.    At some point currently unknown, Unity House and the City began settlement negotiations intended to resolve the dispute over Phase II as well as the issue of the missing program income. Tam was present at some or all of the relevant negotiation meetings in his capacity as a representative of Unity House.

4825-1147-1360.5

17.     Rather than repay the program income directly to the City, Unity House proposed using the program income in another project that was approved under the CDBG program. This option was intended to satisfy HUD's demand for the return of the program income. This option allowed Unity House to reinvest the program income in a project in Unity House's name.

18.     At these settlement negotiations, Tam suggested using the program income to purchase and develop property located, at least in part, at 45-677 Kamehameha Highway, Kaneohe, Hawaii, and known as the Val Hala Apartments. This project was eligible under the CDBG program and therefore satisfied HUD's concerns regarding proper use of the program income. But Tam did not offer the Val Hala Apartments project to Unity House such that Unity House might undertake the project in its own name. Instead, Tam caused the Val Hala Apartments project to be undertaken in the name of his own company, Investment Group, LLC.

19.     In or about 2003, the City, Unity House, and Investment Group, LLC signed a Settlement and Release Agreement (the **"Settlement Agreement"**).

20.     The Settlement Agreement resolved the City's claims against Unity House relating to the Phase II purchase.

21.     The Settlement Agreement also provided that Unity House would "return" the program income to the City by transferring it to Investment Group, LLC for use in the Val Hala Apartments project. No vote of Unity House's members was taken to approve this transaction.

22.     Pursuant to the terms of the Settlement Agreement, Tam and Investment Group, LLC received approximately $1.1 million in program income from Unity House for use in the Val Hala Apartments project. Tam and Investment Group, LLC never gave Unity House any interest in the Val Hala Apartments project, despite using Unity House's monies to fund the Val Hala Apartments project, and Unity House therefore never had any interest in the Val Hala

Apartments project. Unity House also has never received any income or profits from the Val Hala Apartments project.

## V.    CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Usurpation of Corporate Opportunity
### (Against Defendant Tam)

23.    Plaintiff realleges and incorporates herein by reference ¶¶ 1 through 22 of this Complaint as if fully set forth herein.

24.    At all relevant times, Tam occupied a position of trust and confidence with respect to Unity House. By virtue of this position, Tam owed Unity House a duty to offer corporate opportunities to Unity House.

25.    Tam never offered the Val Hala Apartments project to Unity House such that Unity House might undertake the project in its own name.

26.    Unity House members never consented to Tam's acquisition of the Val Hala Apartments project.

27.    At the time of the Settlement Agreement, Unity House was financially able to undertake the Val Hala Apartments project.

28.    At the time of the Settlement Agreement, the Val Hala Apartments project was in the line of Unity House's business.

29.    At the time of the Settlement Agreement, Unity House had an interest or reasonable expectancy in the Val Hala Apartments project.

30.    By failing to offer the Val Hala Apartments project to Unity House and instead undertaking it in the name of his own company, Investment Group, LLC, Tam usurped a corporate opportunity.

31.    Plaintiff is therefore entitled to the relief requested below.

4825-1147-1360.5

**SECOND CAUSE OF ACTION**
**Breach of Fiduciary Duties**
**(Against Defendant Tam)**

32.    Plaintiff realleges and incorporates herein by reference ¶¶ 1 through 31 of this Complaint as if fully set forth herein.

33.    At all relevant times, Tam occupied a position of trust and confidence with respect to Unity House.

34.    At all relevant times, Tam, by virtue of his position of trust and confidence, owed fiduciary duties to Unity House.

35.    By failing to offer the Val Hala Apartments project to Unity House and undertaking the project in the name of his own company, Investment Group, LLC, Tam placed his personal interests above those of Unity House.

36.    Tam's acts constitute a breach of his fiduciary duties, particularly his duty of loyalty to Unity House.

37.    Tam forfeits any right to the compensation Plaintiff paid Tam during the entire period of Tam's breach of Tam's fiduciary duties to Plaintiff, and Plaintiff is entitled to the disgorgement of that compensation from Tam, as restitution or damages in an amount to be proven at trial.

38.    Plaintiff is therefore entitled to the relief requested below.

**THIRD CAUSE OF ACTION**
**Breach of Contract**
**(Against Defendant Tam)**

39.    Plaintiff realleges and incorporates herein by reference ¶¶ 1 through 38 of this Complaint as if fully set forth herein.

40.    During the relevant time period, Tam provided services for Plaintiff, including advising Plaintiff with respect to real estate transactions.  In exchange, Plaintiff provided

4825-1147-1360.5

compensation to Tam. During the relevant time period, there was no indication that Tam would provide his services without compensation.

41.     If no written contract existed between the parties during the relevant time period, Plaintiff and Tam were nevertheless mutually obligated under a contract implied in fact under the circumstances as understood by the parties.

42.     Under the contract that existed between the parties, Plaintiff was entitled to rely on and trust Tam's advice.

43.     Under the contract that existed between the parties, Tam was obligated to offer corporate opportunities to Unity House.

44.     Under the contract that existed between the parties, Tam was not entitled to put his own interests above those of Plaintiff in his dealings with Plaintiff.

45.     By failing to offer the Val Hala Apartments project to Unity House and undertaking the project in the name of his own company, Investment Group, LLC, Tam breached the contract that existed between Plaintiff and Tam.

46.     Plaintiff is therefore entitled to the relief requested below.

## FOURTH CAUSE OF ACTION
### Breach of Duty of Good Faith and Fair Dealing
### (Against Defendant Tam)

47.     Plaintiff realleges and incorporates herein by reference ¶¶ 1 through 46 of this Complaint as if fully set forth herein.

48.     Under controlling Hawaii law, there is implied in every contract a duty of good faith and fair dealing. RESTATEMENT (SECOND) OF CONTRACTS § 205. Tam's duty of good faith and fair dealing was implied in Plaintiff's employment/agency agreement with Tam.

49.     Tam usurped a corporate opportunity and used Tam's position with Plaintiff to divert profits from Plaintiff to Tam through Investment Group, LLC. Tam's acts and omissions

4825-1147-1360.5

were not in good faith or with fair dealing with Plaintiff. Consequently, Tam has breached his

duty of good faith and fair dealing under Tam's employment/agency agreement with Plaintiff.

50.    As a direct proximate result of that breach of the duty of good faith and fair

dealing, Plaintiff has incurred substantial damages, in addition to those addressed above, in an

amount to be shown at trial.

**FIFTH CAUSE OF ACTION**
**Unjust Enrichment/Restitution/Disgorgement/Constructive Trust**
**(Against Defendants Tam and Investment Group, LLC)**

51.    Plaintiff realleges and incorporates herein by reference ¶¶ 1 through 50 of this

Complaint as if fully set forth herein.

52.    Plaintiff is entitled to restitution and disgorgement concerning all profits Tam

derived, took, realized, or received concerning the Val Hala Apartments project:  (a) Tam was an

agent and fiduciary of Plaintiff, with a duty of loyalty to Plaintiff; (b) Tam's duty of loyalty to

Plaintiff prohibited Tam's usurpation of the corporate opportunity of the Val Hala Apartments

project; (c) Tam failed to disclose that corporate opportunity to the Plaintiff (or its board),

however, and Tam failed to explain that corporate opportunity to Plaintiff or tender it to Plaintiff;

and (d) instead, Tam usurped and took advantage of that corporate opportunity for himself,

through his wholly-owned company and alter ego Investment Group, LLC.

53.    Plaintiff is entitled to reimbursement for at least the amount that Tam and

Investment Group, LLC derived, took, realized, or received concerning the Val Hala Apartments

project, plus interest. Retention by Tam and Investment Group, LLC would be unfair or

constitute an unjust enrichment, and Tam and Investment Group, LLC must disgorge those

profits made at the expense of Plaintiff as Tam's principal. Plaintiff is entitled to recover at least

those profits, in addition to other damages to be proven at trial, as restitution, disgorgement, or

10

both, for all profits Tam derived, took, realized, or received from that corporate opportunity wrongfully usurped by Tam from Plaintiff.

54.     By continuing to retain the amounts that Tam and Investment Group, LLC derived, took, realized, or received concerning the Val Hala Apartments project, Tam and Investment Group, LLC have been unjustly enriched and continue to be unjustly enriched, which has resulted in an unjust windfall for Tam and Investment Group, LLC, at the expense of Plaintiff.

55.     Tam and Investment Group, LLC thereby have received unjustified benefits to the detriment of Plaintiff.  Tam and Investment Group, LLC should be deemed to hold the benefits wrongfully obtained in constructive trust for Plaintiff, and to have an equitable duty to return those benefits to Plaintiff, including without limitation conveying to Plaintiff ownership/legal title to the Val Hala Apartments project.  The Val Hala Apartments project rightfully belongs to Plaintiff, whose monies Tam and Investment Group, LLC used to fund the Val Hala Apartments project.

56.     Plaintiff is entitled to a declaration that Tam and Investment Group, LLC hold all benefits and funds derived, taken, or received by them from the Val Hala Apartments project in constructive trust for the benefit of Plaintiff, and the imposition of that constructive trust upon those benefits and funds, including without limitation the Val Hala Apartments project itself.

57.     Specifically, and non-exclusively, the constructive trust should include, at least, ownership/legal title to the Val Hala Apartments project and the amounts that Tam and Investment Group, LLC derived, took, realized, or received concerning the Val Hala Apartments project.

4825-1147-1360.5

58.    The conduct of Tam and Investment Group, LLC is contrary to the fundamental principles of justice or equity and good conscience, and Tam and Investment Group, LLC should be ordered to make restitution, in an amount to be proven at trial, and be ordered to compensate Plaintiff for the value of its unjust retention of benefits.

59.    Through Tam's unlawful acts described above, Tam has been unjustly enriched to the detriment of Plaintiff.

60.    Through Tam's unlawful acts described above, Investment Group, LLC has been unjustly enriched to the detriment of Plaintiff.

61.    As Tam's alter ego, Investment Group, LLC is not an innocent third party with respect to Tam's unlawful acts described above.

62.    Plaintiff is therefore entitled to the relief requested below.

## SIXTH CAUSE OF ACTION
### Piercing the Limited Liability Company Veil
### (Against Defendants Tam and Investment Group, LLC)

63.    Plaintiff realleges and incorporates herein by reference ¶¶ 1 through 62 of this Complaint as if fully set forth herein.

64.    Tam has so commingled his personal business with, and his personal control of, Investment Group, LLC, that the limited liability company fiction for Investment Group, LLC should be completely disregarded for Investment Group, LLC concerning Tam.

65.    Tam individually is the alter ego of Investment Group, LLC, and Tam has used and is attempting to use the limited liability company fiction to insulate himself from personal liability, hide or secrete assets, or insulate himself from Plaintiff's rightful return of funds that Tam wrongfully derived, took, realized or received from the Val Hala Apartments project that equitably should have gone, and therefore fairly belong, to Plaintiff, which funds Tam and Investment Group, LLC have diverted, converted, or misappropriated to themselves.

12

66.    Plaintiff is entitled to a declaration that the limited liability company veil of Investment Group, LLC is to be pierced concerning Tam, and that Tam is to be held personally liable to Plaintiff concerning the Val Hala Apartments project for any and all restitution owed to Plaintiff, or damages suffered by Plaintiff, as prayed for in this complaint.

## SEVENTH CAUSE OF ACTION
### Accounting
### (Against Defendants Tam and Investment Group, LLC)

67.    Plaintiff realleges and incorporates herein by reference ¶¶ 1 through 66 of this Complaint as if fully set forth herein.

68.    Plaintiff is entitled to an accounting from Tam and Investment Group, LLC concerning all profits Tam and Investment Group, LLC derived, took, realized or received concerning the Val Hala Apartments project.

## EIGHTH CAUSE OF ACTION
### Punitive Damages
### (Against Defendants Tam and Investment Group, LLC)

69.    Plaintiff realleges and incorporates herein by reference ¶¶ 1 through 68 of this Complaint as if fully set forth herein.

70.    Tam and Investment Group, LLC usurped a corporate opportunity of Plaintiff and diverted profits therefrom for their own use, benefit, and profit.

71.    Tam and Investment Group, LLC acted grossly negligently, recklessly, wantonly, oppressively, and with a conscious disregard for the consequences of its and his actions to Plaintiff, his principal and fiduciary.

72.    Punitive damages are especially appropriate for a breach of the duty of loyalty, including, as here, the usurpation of a corporate opportunity by a fiduciary and the hidden diversion of profits by an agent away from his principal.

4825-1147-1360.5

73.    As a direct and proximate result of Tam's and Investment Group, LLC's bad

faith, breach of fiduciary duty, and otherwise grossly negligent, reckless, wanton, and oppressive

acts, Plaintiff has sustained and continues to sustain damages, and Plaintiff therefore is entitled to

substantial punitive damages in an amount to be determined at trial.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Tam and Investment Group, LLC, as

follows:

(a)    For general and special damages in amounts to be proven at trial;

(b)    For punitive and exemplary damages in an amount to be proven at trial, consonant

with constitutional limitations;

(c)    For equitable relief as requested herein, including without limitation restitution,

constructive trust (including without limitation an order requiring Defendants Tam and

Investment Group, LLC to convey ownership/legal title to Plaintiff to the Val Hala Apartments

project), an accounting, and piercing the company veil;

(d)    For cost of trial and all reasonable attorney's fees and costs;

(e)    For pre-judgment interest and post-judgment interest; and

(f)    For such further relief as the court deems just and proper.

DATED:  Honolulu, Hawaii, January 6, 2005.



STEVEN M. EGESDAL
BROOK HART

Attorneys for Plaintiff
UNITY HOUSE, INCORPORATED,
IN RECEIVERSHIP

4825-1147-1360.5

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| UNITY HOUSE, INCORPORATED,<br>In Receivership,<br><br>       Plaintiff,<br><br>  vs.<br><br>RUDY L.K. TAM and INVESTMENT<br>GROUP, LLC, a Hawaii limited liability<br>company,<br><br>      Defendants. | CIVIL NO. **05-1-2218-12 (BIA)**<br>(Other Non-Vehicle Tort)<br><br>DEMAND FOR JURY TRIAL |

**DEMAND FOR JURY TRIAL**

    Comes now Plaintiff UNITY HOUSE, INCORPORATED, IN RECEIVERSHIP, by and through its attorneys, and hereby demands a trial by jury.

    DATED: Honolulu, Hawaii, January 6, 2005.


                              _____
                              STEVEN M. EGESDAL
                              BROOK HART

                              Attorneys for Plaintiff
                              UNITY HOUSE, INCORPORATED,
                              IN RECEIVERSHIP

FILED IN THE
UNITED STATES DISTRICT COU
DISTRICT OF HAWAII

DEC 1 4 2004

at 3 o'clock and 20 min. 4
WALTER A.Y.H. CHINN, CLE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00438-DAE-BMK |
| Plaintiff, | ) ) | ORDER UNSEALING POST-INDICTMENT |
| vs. | ) ) ) | RESTRAINING ORDER DATED DECEMBER 10, 2004, APPLICATION, AND |
| AARON A. RUTLEDGE, (01) ANTHONY A. RUTLEDGE, SR. (02) a/k/a "TONY" RUTLEDGE, STAR-BEACHBOYS, INC., (03) | ) ) ) ) ) | ATTACHMENTS A & B. |
| Defendants. | ) ) | |

ORDER UNSEALING POST-INDICTMENT RESTRAINING ORDER DATED
DECEMBER 10, 2004, APPLICATION AND ATTACHMENTS A & B

The United States of America, by and through

its counsel, has made an ex-parte application to immediately

unseal the Post-Indictment Restraining Order Dated December 10,

2004, Application and Attachments A & B.  This Order is requested

and hereby GRANTED to supplement the Court's previous oral

permission at the time of signing to unseal the documents

referenced above as required to execute the Court's Order.

The Declaration of Special Agent Greg Miki and attached exhibits

shall remain under seal until further order of the Court.

IT IS SO ORDERED.

DATED: December 14, 2004, in Honolulu, Hawaii.

SAMUEL P. KING
SAMUEL P. KING, SR.
Senior United States District Judge
District of Hawaii

United States v. Aaron A. Rutledge, Anthony A. Rutledge, Sr. &
Star-Beachboys, Inc., CR. No. 02-00438-DAE-BMK; ORDER UNSEALING
POST-INDICTMENT RESTRAINING ORDER DATED DECEMBER 10, 2004,
APPLICATION AND ATTACHMENTS A & B.

ATTEST: A True Copy
WALTER A.Y.H. CHINN
Clerk, United States District
Court, District of Hawaii

# EXHIBIT A

FILED IN THE
UNITED STATES DISTRICT CO
DISTRICT OF HAWAII

DEC 1 0 2004

at ___ o'clock and ___ min.
WALTER A. Y. H. CHINN, CLE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,          )    CR. NO. 02-00438-DAE-BMK
                                   )
                Plaintiff,         )
                                   )    EX-PARTE POST-INDICTMENT
        vs.                        )    INDICTMENT RESTRAINING ORDER
                                   )
                                   )
AARON A. RUTLEDGE,        (01)  )
ANTHONY A. RUTLEDGE, SR.  (02)  )
  a/k/a "TONY" RUTLEDGE,           )
STAR-BEACHBOYS, INC.,     (03)  )
                                   )
                Defendants.        )
                                   )

## EX-PARTE POST-INDICTMENT RESTRAINING ORDER

        The United States Government has made an *ex-parte*
application to this Court, pursuant to 21 U.S.C. § 853(e)(1)(A),
for a restraining order to immediately preserve the availability
of certain property that is subject to forfeiture in the above-
styled criminal action and which appears to be under imminent
threat of being made permanently unavailable for these
proceedings through the defendants' control of the entity Unity
House, Inc. with probable cause to believe that the entity has
been and continues to be operated as an alter ego corporation of
the defendants ANTHONY A. RUTLEDGE, SR. and his son, defendant
AARON A. RUTLEDGE contrary to the best interests of the
membership and beneficiaries of Unity House, Inc. and under
threat of immediate and irreparable harm to the assets identified
in this application by the United States.

1

Accordingly, upon consideration of the United States' application and the verified materials submitted in support thereof, and the sealed Third Superseding Indictment containing the Grand Jury's findings of probable cause against defendants ANTHONY A. RUTLEDGE, SR., AARON A. RUTLEDGE, and others known and unknown to the Grand Jury, of an on-going scheme to defraud the members and beneficiaries of the non-profit entity known as Unity House, Inc. and its related entities, and further finding probable cause to believe that the current directors and management of Unity House, Inc. are conflicted and incapable of taking corrective actions to preserve the subject property from the  scheme and those who have a fiduciary duty to protect the assets, the Court hereby finds the following:

1.  That a Grand Jury of this District has returned a sealed Third Superseding Indictment against defendants ANTHONY A. RUTLEDGE, SR., AARON A. RUTLEDGE, charging them with mail and wire fraud, and conspiracy to commit mail and wire fraud, in violation of Title 18 United State Code, Sections 1341, 1341, 1346, and 371; Title 29, United States Code, Section 186; and a conspiracy to defraud the United States Department of Treasury, Internal Revenue Service. See United States v. Anthony A. Rutledge, Sr. et al., CR. No. 02-00438-DAE-BMK.  As part of said Third Superseding Indictment, the United States is seeking the criminal forfeiture under 18 U.S.C. §§ 982, 981(a)(1)(C) and 28

U.S.C. § 2461(c) of certain property in which each identified

defendant holds an interest, as detailed in Attachments A

& B to the United States' Ex-parte Application for a Post-

Indictment Restraining Order and incorporated herein.

2.    That the Grand Jury's Third Superseding Indictment

of defendants ANTHONY A. RUTLEDGE, SR. and AARON A. RUTLEDGE,

together with the Grand Jury's finding of probable cause for

forfeiture, as well as the affidavit of Internal Revenue Service

Special Agent Greg Miki, which specifically identifies property

as being subject to forfeiture under 18 U.S.C. §§ 982,

981(a)(1)(C) and 28 U.S.C. § 2461(c), establishes sufficient

probable cause for the issuance of this restraining Order and

justification for taking the identified entity and related

property under the immediate supervision of this Court pursuant

to the All Writs Act, 28 U.S.C. § 1651(a).

3.    That in the event ANTHONY A. RUTLEDGE, SR. and

AARON A. RUTLEDGE are convicted of the charges alleged in said

Superseding Indictment, the subject property would be subject to

forfeiture under 18 U.S.C. §§ 982, 981(a)(1)(C) and 28 U.S.C. §

2461(c).  The properties and monies are under the present control

of the defendants by virtue of their control over the business

affairs of Unity House, Inc. and the elimination of the

membership of Unity House, Inc. as required to receive the

benefits of its tax exempt status.

4.  That there exists an immediate need to preserve the availability of the subject properties under threat that some or all of the identified assets will be sold and/or relocated beyond the reach of the United States Government and the jurisdiction of this Court absent the immediate execution of this Order that outweighs any and all hardships on any party against whom this Order is to be entered.

5.  That any third party claims to the subject property may be properly brought and resolved in ancillary proceedings conducted by this Court following the execution of a Preliminary Order of Forfeiture in accordance with the provisions of federal forfeiture law.

THEREFORE, IT IS FURTHER ORDERED AND DECREED:

THAT effective immediately, ANTHONY A. RUTLEDGE, SR., AARON A. RUTLEDGE, their agents, servants, employees, attorneys, family members and those persons in active concert or participation with them, including but not limited to the directors and management of Unity House, Inc., all of its related entities, and those persons, financial institutions, or other entities who assert a claim over any interest, or assert any legal claim or control over the subject property on behalf of Unity House and all of its related entities, are hereby,

RESTRAINED, ENJOINED, AND PROHIBITED, without prior approval of this Court and upon notice to the United States and

4

an opportunity for the United States to be heard, from attempting or completing any contract or taking any action that would affect the availability, marketability or value of said property or legal interest, including but not limited to selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, or in any way diminishing the value of, all or any part of their interest, direct or indirect, in the property and monetary interests identified below and in the attachments A & B:

| 1 | Currents Assets | | |
|---|---|---|---|
| 2 | First Hawaiian Bank Account - Acct. #01-055798, 05-055169, 88-021282 | $1,913,132.19 | |
| 3 | Petty Cash Fund | $2,150.00 | |
| 4 | Paine Webber - Acct #IJ 60076 ST | $4,233,242.22 | |
| 5 | First Hawaiian Bank Nasdaq 100 - Acct. #73-2351-03-6 | $1,494,872.20 | |
| 6 | Pacifiic Century Trust-Unity Reserve Acct #140024803 | $160,120.02 | |
| 7 | Pacific Century Trust-Bidwell Large Cap Acct. #140025800 | $4,751,923.59 | |
| 8 | Pacific Century Trust-Granite Investment Advisors (Equity) Acct. #140028150 | $5,784,577.40 | |
| 9 | Receivable - Innovative Financial Services | $(2,486,594.13) | |
| 10 | Receivable - Hale Lokahi | $493,095.13 | |
| 11 | Receivable - Lokahi Greens in Ewa | $(209,560.68) | |

| | | | |
|---|---|---|---|
| 12 | Receivable - Kapiolani 720 (NCR Building) | $5,368,072.97 | |
| 13 | Receivable - Lokahi Trovare in Ewa | $(101,134.79) | |
| 14 | Receivable - Others | $37,184.00 | |
| 15 | Receivable - Employees | $5,700.00 | |
| 16 | Acct/Rec - Ceatech | $2,622.16 | |
| 17 | Note Rec. - Heavenly Road Project | $537,303.00 | |
| 18 | Note Rec. - Romeo Mindo | $40,000.00 | |
| 19 | Note Rec. - Grant Kidani | $50,000.00 | |
| 20 | Note Rec. - P. Noga | $1,500.00 | |
| 21 | Note Rec. - Hawaii Hospital and Healthcare Workers Union | $35,000.00 | |
| 22 | Note Rec. - Chabad Lubavitch | $222,500.00 | |
| 23 | Prepaid Insurance | $57,647.92 | |
| 24 | Prepaid Expense | $392.00 | |
| 25 | Travel Deposits - Retirees | $(3,088.00) | |
| 26 | Acct. Rec. - Kornhauser | $52,657.47 | |
| 27 | Investment in Hale Lokahi Ltd. | $2,285,878.79 | |
| 28 | Investment in Kapiolani 720 | $407,575.40 | |
| 29 | Investment in Oceanside | $(84,820.50) | |
| 30 | Hoana Investment LLC | $28,514.00 | |
| 31 | HLFF Cook Book | $1,000,000.00 | |
| 32 | Investment in Legends of Heavenly Road | $55,208.35 | |
| 33 | Investment in Ceatech | $125,000.00 | |
| 34 | | $3,046,350.00 | |
| 35 | Total Current Assets | | $29,307,020.71 |
| 36 | **Fixed Assets** | | |
| 37 | Land - Punaluu | $4,023,188.16 | |
| 38 | Marks Estate | $2,655,895.09 | |
| 39 | Furniture & Equipment | $272,838.88 | |
| 40 | Equipment - Retiree Center | $1,505.09 | |
| 41 | Office Improvements | $96,291.51 | |
| 42 | Office Improvements - 3rd Floor | $33,315.43 | |

| | | | |
|---|---|---|---|
| 43 | Office Improvements - 307 Kamani Street | $38,651.20 | |
| 44 | 1777 Ala Moana Blvd. condo | $490,200.64 | |
| 45 | 1777 Ala Moana Blvd. condo renovation | $27,470.80 | |
| 46 | Punaluu Condo BL-202 | $20,774.47 | |
| 47 | Punaluu Condo renovation | $16,265.38 | |
| 48 | 1701 Ala Wai Property | $4,626,677.81 | |
| 49 | 1701 Ala Wai Property - Improvements | $1,286,901.31 | |
| 50 | 1701 Ala Wai Property - F & E | $95,024.06 | |
| 51 | Accum. Depreciation | $(883,195.75) | |
| | | | |
| 52 | Total Fixed Assets | | $12,801,804.08 |
| 53 | Other Assets | | |
| 54 | Deposits - Property Leases | $5,106.34 | |
| 55 | Settlement - ring | $50,000.00 | |
| 56 | Settlement - Morgan Dollars | $520.00 | |
| | | | |
| 57 | Total Other Assets | | $55,626.34 |
| | | | |
| 58 | Total Assets | | $42,164,451.13 |

IT IS FURTHER ORDERED that the Internal Revenue Service, and/or EG & G Technical Services, Inc., and their authorized agents and representatives, shall seize and take custody of the identified properties and monetary interests and maintain them in their custody and control until further order of this Court.

IT IS FURTHER ORDERED that all occupants of the identified real properties, except third-party tenants with existing valid written leases, shall vacate the real properties and surrender possession thereof to the Internal Revenue Service,

7

and/or EG & G Technical Services, Inc., and their authorized agents and representatives, and said occupants shall, immediately upon execution of this Order, remove any personal possessions not subject to forfeiture unless, in the sole discretion of the Internal Revenue Service, and/or EG & G Technical Services, Inc., and their authorized agents and representatives, the occupants immediately execute an occupany agreement in a form satisfactory to the Internal Revenue Service, and/or EG & G Technical Services, Inc., and their authorized agents and representatives, pending final resolution of this forfeiture proceeding.  Any existing valid written leases shall remain in full force and effect during their term, and any agreed extensions thereof, and shall be recognized by the Internal Revenue Service, and/or EG & G Technical Services, Inc., and their authorized agents and representatives.  Rental payments shall be made to the Internal Revenue Service, and/or EG & G Technical Services, Inc., and their authorized agents and representatives, instead of the prior owners.

IT IS FURTHER ORDERED that the Internal Revenue Service, and/or EG & G Technical Services, Inc., and their authorized agents and representatives, may be accompanied by federal, state, or local law enforcement officers to assist in the execution of this Order, and shall take all reasonable business decisions, including the ability to retain or fire any

and all employees and consultants, terminate any or all contracts, change locks, collect receivables, prevent the transfer of any and all real property, monies, investments and any other interests subject to the restraining order, and make timely payment of all mortgage payments, and insurance, utilities, taxes, and assessments until further order of this Court. The United States is permitted to enter said real properties to videotape conditions in order to verify the conditions and that said properties are being well maintained.

IT IS FURTHER ORDERED that any financial institutions holding any accounts subject to this Order shall take no offsets against such accounts. They shall continue to credit any deposits, interest, dividends, or other credits to such accounts in the normal course of business, and such deposits, interest, dividends, and other credits shall be subject to this Order. In addition, upon receiving notice of this Order, each financial institution shall promptly inform the Government as to the account balances at the time of notice, and shall thereafter supplement such information by reporting to the Government any changes to the accounts, and by responding promptly to requests by the Government for information on the accounts' current status.

IT IS FURTHER ORDERED that any financial institutions holding mortgages on real properties subject to this Order shall

respond promptly to requests by the Internal Revenue Service, and/or EG & G Technical Services, Inc., and their authorized agents and representatives, for information on said mortgages' current status.

IT IS FURTHER ORDERED that the Internal Revenue Service, and/or EG & G Technical Services, Inc., and their authorized agents and representatives, shall hire a real estate appraiser and have each of the identified real properties and interests appraised to determine fair market value of the properties and retain the services of any necessary resources to protect and maintain the identified properties until further order of the Court.

IT IS FURTHER ORDERED that the United States or any Subject of this Order may seek modifications of this Order if it is deemed necessary by them to preserve their interest in the subject property.

IT IS FURTHER ORDERED that the United States Marshal or his designee shall promptly serve a copy of this Restraining Order upon ANTHONY A. RUTLEDGE, SR., AARON A. RUTLEDGE, and all individuals claiming to represent Unity House and the interests identified above as possessing the property listed, escort all individuals from the premises with only their personal items, permitting no documents, records, files or any property belonging to Unity House, Inc. and its related entities from being removed

10

from the properties, and shall thereafter make a return thereon reflecting the date and time of service.

IT IS FURTHER ORDERED that the Internal Revenue Service, and/or EG & G Technical Services, Inc., and their authorized agents and representatives, shall custody and possession of the identified properties and monetary interests on behalf of this Court, including any known or unknown safe deposit boxes, bank accounts, investments and properties in which Unity House has an interest and shall maintain such interests in their custody and control until further order of this Court.

IT IS FURTHER ORDERED the Internal Revenue Service, and/or EG & G Technical Services, Inc., and their authorized agents and representatives, shall have the sole power and discretion to retain or terminate legal services currently retained or being paid by Unity House, Inc. or any of its related entities, and shall attempt to immediately collect unpaid receivables, repatriate assets, or take any other action until further order of this Court.

Upon application of the United States, and pursuant to the All Writs Act, 28 U.S.C. § 1651(a), the Court shall issue any order necessary to effectuate and prevent the frustration of the execution of this Order.

THIS RESTRAINING ORDER shall remain in full force and effect until further order of this Court.

IT IS SO ORDERED.

DATED: December ___10___, 2004, at Honolulu, Hawaii.


SAMUEL P. KING
_____
SAMUEL P. KING, SR.
Senior United States District Judge
District of Hawaii



UNITED STATES v. AARON A. RUTLEDGE, ANTHONY A. RUTLEDGE, SR. a/k/a "Tony" RUTLEDGE, & STAR-BEACHBOYS, INC., CR. No. 02-00438-DAE-BMK; EX-PARTE POST-INDICTMENT RESTRAINING ORDER.

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

UNITY HOUSE, INCORPORATED,
In Receivership,

       Plaintiff,

  vs.

RUDY L.K. TAM and INVESTMENT
GROUP, LLC, a Hawaii limited liability
company,

       Defendants.

CIVIL NO. _____
(Other Non-Vehicle Tort)

DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Comes now Plaintiff UNITY HOUSE, INCORPORATED, IN RECEIVERSHIP, by and through its attorneys, and hereby demands a trial by jury.

DATED: Honolulu, Hawaii, December 14, 2005.

_____
STEVEN M. EGESDAL
BROOK HART

Attorneys for Plaintiff
UNITY HOUSE, INCORPORATED,
IN RECEIVERSHIP

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| UNITY HOUSE, INCORPORATED,<br>In Receivership,<br><br>       Plaintiff,<br><br>   vs.<br><br>RUDY L.K. TAM and INVESTMENT<br>GROUP, LLC, a Hawaii limited liability<br>company,<br><br>       Defendants. | CIVIL NO. **05-1-2218-12 (BIA)**<br>(Other Non-Vehicle Tort)<br><br>SUMMONS |

## SUMMONS

STATE OF HAWAII

TO:   THE ABOVE-NAMED DEFENDANTS RUDY L. K. TAM
      AND INVESTMENT GROUP, LLC:

    You are hereby summoned and required to serve upon THE LAW OFFICES OF BROOK

HART and CARLSMITH BALL, LLP, attorneys for Plaintiff UNITY HOUSE,

INCORPORATED, IN RECEIVERSHIP, whose address is 333 Queen Street, Suite 610,

Honolulu, Hawaii, 96813, an answer to the First Amended Complaint which is herewith served

upon you, within twenty (20) days after service of this Summons upon you, exclusive of the day

of service. If you fail to do so, judgment by default will be taken against you for the relief

demanded in the First Amended Complaint.

    This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on

premises not open to the general public, unless a judge of the above-entitled court permits, in

writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED: Honolulu, Hawaii, _____ JAN 6   2006 _____.

K. CHING

CLERK OF THE ABOVE-ENTITLED COURT

CC/ENCL(?)
ORIGINAL

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

FILED IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 1 3 2006

at ____ o'clock and ____ min. __M
SUE BEITIA, CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 02-00438 DAE |
| Plaintiff, | **STIPULATION AND ORDER RE: PREPARATION AND FILING OF RECEIVER'S FINAL REPORT; EXHIBIT A** |
| v. | |
| AARON A. RUTLEDGE, ANTHONY A. RUTLEDGE, SR., a/k/a "TONY" RUTLEDGE, STAR-BEACHBOYS, INC., | |
| Defendants. | |

L O D G E D

APR 11 2006

CLERK, U. S. DISTRICT COURT
DISTRICT OF HAWAII

## STIPULATION AND ORDER RE: PREPARATION AND FILING OF RECEIVER'S FINAL REPORT

WHEREAS, the Court held a status conference in this matter on April 6, 2006, to discuss, among other things, the cost and contents of the Receiver's final report. Present at this status conference were Eric Seitz, Esq., representing the Board of Directors of Unity House, Inc.; Paul Wong, Esq., representing the Rutledge defendants; and Brook Hart, Esq., counsel for the Receiver of Unity House, Inc. Also present was the agent of the Court-appointed Receiver, Anthony Pounders of EG&G Technical Services, Inc.;

WHEREAS, in light of the Court's instructions at the conference on April 6, 2006, Unity House, Inc.'s Board of Directors and the Receiver have reached agreement regarding the projected cost of the final report and the topics to be covered therein;

NOW, THEREFORE, the parties (Unity House, Inc., and the Receiver, by and through their respective counsel) hereby stipulate and agree that, the Receiver's counsel (The Law Offices of Brook Hart and the law offices of

EXHIBIT **B**

Altshuler, Berzon, Nussbaum, Rubin & Demain) shall charge less than $20,000 in legal fees (inclusive of taxes and out-of-pocket expenses) for their legal services rendered in connection with preparation of the final report. Unity House, Inc. shall promptly pay the Receiver's counsels' bills for legal fees associated with the preparation of the final report, provided those fees are less than $20,000, inclusive of taxes and out-of-pocket expenses;

The parties hereby further stipulate and agree that the Receiver and its counsel (The Law Offices of Brook Hart and the law offices of Altshuler, Berzon, Nussbaum, Rubin & Demain) will make good faith efforts to complete and file the final report within 30 days from the date that this stipulation is filed with the Court;

The parties hereby further stipulate and agree that the final report shall endeavor to provide the Board of Directors of Unity House, Inc. with basic information necessary for the orderly and effective transition of all Unity House operations heretofore the responsibility of the Receiver (*see* Order dated March 14, 2006, attached hereto as Exhibit A) to the Board's authority and control. Among other things, the report shall review the financial, business, and litigation transactions the Receiver has addressed and/or completed since the Receiver filed its Interim Report to the Court on October 21, 2005. The report shall also detail the general financial condition of Unity House; Unity House's Comptroller, Walter Lum, shall provide the Receiver with all current financial information necessary to complete this aspect of the report. In order to reduce the cost of preparation, the report shall not include any discussion of Unity House programs and activities;

/ / /

/ / /

2

The parties hereby further stipulate and agree that after the Receiver has filed its final report, the Receiver shall prepare and present to the Board of Directors and its counsel and the Court a proposed stipulated order discharging the Receiver.

DATED: Honolulu, Hawaii, _____.


_____
Brook Hart
Counsel for the Receiver


_____
Eric Seitz
Counsel for the
Unity House, Inc. Board of Directors


APPROVED AND SO ORDERED: _____
United States District Judge

APR 1 3 2005

DATED: Honolulu, Hawaii, _____.


3

# ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

MAR 14 2006

at 3 o'clock and ___ min. ___ M
SUE BEITIA, CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON A. RUTLEDGE, ANTHONY A. RUTLEDGE, SR., a/k/a "TONY" RUTLEDGE, STAR-BEACHBOYS, INC.,<br><br>Defendants. | Criminal No. 02-00438 DAE<br><br>ORDER RE: WINDING UP OF RECEIVERSHIP |

L O D G E D

MAR 10 2006
3:00 p.m.
CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

## ORDER RE: WINDING UP OF RECEIVERSHIP

The Court held a chambers status conference in this matter on March 7, 2006. Counsel for the Receiver, counsel for Unity House, Inc.'s newly-reconstituted Board of Directors, and the new Executive Director of Unity House, Inc., attended. Having considered the presentations of counsel and the Ninth Circuit's opinion *United States v. Rutledge*, ___ F.3d ___, No. 05-10060, 2006 WL 328271 (9th Cir. Feb. 14, 2006), the Court finds that the following order is necessary to ensure an orderly transition in the management of Unity House, Inc., from the current Receivership to the reconstituted Board of Directors and to protect the interests of third parties to the transactions at issue and the interests of Unity House, Inc., its Board of Directors, and its beneficiaries. The parties stipulated that the Court has jurisdiction to enter this order.

WHEREFORE, IT IS HEREBY ORDERED that Unity House, Inc.'s reconstituted Board of Directors shall, upon receipt of notification that they have secured Directors & Officers liability insurance coverage, immediately assume full

SCANNED

EXHIBIT A

Case 1:02-cr-00438-DAE    Document 502-3    Filed 06/23/2006    Page 56 of 62
Case 1:02-cr-00438-AE    Document 494-2    Filed 04/   006    Page 2 of 4
808 541 1303    U.S. DISTRICT COU                   5 a.m.    03-16-2006         2/4

control of, and responsibility for, the day-to-day operations of Unity House, Inc.,
including signing checks and entering into contracts on behalf of the organization;

IT IS HEREBY FURTHER ORDERED that, pursuant to the Court's
inherent equitable powers and solely for the purpose of concluding the specific
Unity House, Inc. matters identified below (over which the Receiver shall retain
full power and authority), the Receiver (EG&G Technical Services, Inc., by and
through its agent Anthony Pounders) shall continue in place for a period of up to
three months. This three-month period may be extended by the Court upon a
showing of good cause for additional thirty-day periods. The Unity House, Inc.,
Board of Directors may assume authority and responsibility for any of the matters
listed below upon mutual agreement with the Receiver, at which point the
Receiver's authority and responsibility for that particular matter will be
terminated.

a.    Assoc. of Apt. Owners of Hanohano Hale & Assoc. of Apt. Owners
of Pat's at Punaluu v. Unity House, et al., Civil No. 99-1122-03 (BIA), First
Circuit Court, State of Hawaii, including related on-going settlement
implementation;

b.    Douglas Himmelfarb v. Unity House, Inc., et al., Civil No. 05-1-
1386-07 (VSM), First Circuit Court, State of Hawaii, including related on-
going settlement implementation;

c.    Current negotiations with the Radisson Kauai Development (Brian
and Joan Anderson);

d.    Unity House, Inc. v. Tam, Civil No. 05-1-2218-12 (BIA), First Circuit
Court, State of Hawaii;

e.    Unity House, Inc. v. Heavenly Road Productions, Inc., et al., Civil
No. 98-0-5043, First Circuit Court, State of Hawaii;

2

Case 1:02-cr-00438-DAE   Document 502-3   Filed 06/23/2006   Page 57 of 62
Case 1:02-cr-00438-DAE   Document 484-2   Filed 04/23/2006   Page 3 of 4
808 541 1303   U.S. DISTRICT COU               9 a.m.   03-16-2006   3/4

f.   <u>Unity House, Inc. v. Chabad Lubavitch of Hawaii, Inc., et al.</u>, Civil

No. 05-1-1399-08 (RKOL), First Circuit Court, State of Hawaii;

g.   <u>Ilae, et al. v. EG&G Technical Services, Inc., et al.</u>, No. CV05-00794

(DAE) (LEK), United States District Court for the District of Hawaii;

h.   <u>Hawaii Pacific Cinema Development Foundation, et al. v. Beacon</u>

<u>Edge Pictures LLC, et al.</u>, Civil No. CV04-00510 (ACK) (KSC), United

States District Court for the District of Hawaii.

IT IS HEREBY FURTHER ORDERED that the Receiver shall review and

approve all bills related to the transactions identified above.  Upon the Receiver's

approval, the Receiver shall forward such bills to the Comptroller of Unity House

and the Board of Directors for approval and payment.  The Board of Directors

shall approve and pay all such bills forthwith, or promptly notify the Court of its

decision not to approve any such bill and provide the Court with an explanation of

the basis for that decision.  The Court will resolve any disputes regarding bills

related to the transactions identified above or presented by the Receiver or the

Receiver's counsel.

IT IS HEREBY FURTHER ORDERED that the Receiver shall prepare a

final report and motion for discharge.  However, the Receiver shall first provide

the Board of Directors with a reasonable estimate of the cost of preparing the final

report and motion for discharge.  The Receiver may begin work on the final report

and motion for discharge upon approval of the estimated cost by the Board of

Directors; if the Board of Directors withholds or declines such approval, it shall

promptly notify the Court and provide the Court with an explanation of the basis

for any such decision.  The Court will resolve any disputes regarding the cost of

preparing the final report and motion for discharge.

3

At the March 7, 2006, status conference, the parties discussed the Court's appointment of a custodian of Unity House, Inc.'s records by an order in Aarona, et al. v. Unity House, Inc., et al., CV 05-00197 DAE (BMK) (D. Haw.) ("Aarona"), dated February 7, 2006. In that order the Receiver and its agents, Dwight Kealoha and Walter Lum, were so appointed. Due to changed circumstances in the instant case, the parties raised the need for the appointment of a substitute custodian of the records. An order appointing a substitute custodian of records will be issued in the Aarona case, upon agreement of the parties in that case to an acceptable substitute for the Receiver and its agents as custodian.

DATED: Honolulu, Hawaii, _____ MAR 1 4 2006 _____.

_____
Hon. David A. Ezra
United States District Judge

Approved as to form and content:

_____
Brook Hart
Counsel for the Receiver

_____
Eric Seitz
Counsel for Ilae plaintiffs (see "g" above)
and the Unity House, Inc. Board of Directors

4



U.S. Department of Housing and Urban Development
Honolulu Field Office, Region IX
500 Ala Moana Boulevard, Suite 3A
Honolulu, Hawaii 96813
http://www.hud.gov
http://www.espanol.hud.gov

APRIL    20 2006

Mr. Rudy L. K. Tam
Managing Director
Investment Group, LLC
233 Merchant St. Suite 400
Honolulu, HI 96813

Dear Mr. Tam:

SUBJECT:  Unity House, Inc. and Val Halla Apartments

This letter is in response to your letter dated April 9, 2006 requesting clarification of my understanding of the settlement between Unity House, Inc., City and County of Honolulu (City), and Investment Group, LLC.  Specifically, you were interested in my understanding of the events that lead to Investment Group's use of Community Development Block Grant (CDBG) Program Income, held by Unity House, to acquire the Val Halla Apartments.

In responding to your request, I must first remind you that the CDBG funds involved in the settlement agreement and the Val Halla Apartments acquisition was generated as a result of the City and Unity House's involvement in the CDBG assisted Lokahi Green's Project in Historic Ewa Villages. More specifically, as a result of the sale of property at Lokahi Green's, $1.1 million in CDBG Program Income was generated and retained by Unity House.

The Department of Housing and Urban Development (HUD) noted in its Program Year 2000 monitoring of the City's CDBG Program that Unity House had not returned $1.1 in CDBG Program Income to the City as required by the Lokahi Greens Project subrecipient agreement between the City and Unity House.  As a result, HUD instructed the City to collect the funds or reimburse the CDBG program.  After HUD notified the City of the CDBG Program Income issue, the City and Unity House met in a meeting arranged by HUD to discuss the issue.

The initial meeting between the City, Unity House, and HUD did not result in any specific agreement.  However, the meeting lead to a number of follow-up meetings in which Mr. Anthony Rutledge, President Unity House, Mr. Randall Harakal, Executive Director/General Counsel Unity House, Mr. Ivan Lui-Kwan, Director Budget and Fiscal Service City and County of Honolulu, you and I attended.

During the follow-up meetings, Mr. Rutledge was very clear that Unity House wanted to settle the CDBG issue and a pending law suit between the City and Unity House at the same time. He further indicated, after discussing possible CDBG projects that Unity House was not willing to obligate itself to comply with any further CDBG rules and regulations.  As a result,

EXHIBIT ___C___

Mr. Lui-Kwan suggested that Unity House allow Investment Group to use the CDBG funds if Investment Group was willing to comply with the CDBG regulations or Unity House would have to return the funds to the City and County of Honolulu.

As a result, Unity House elected and the City agreed to allow Investment Group to use the City's CDBG funds, being held by Unity House, for the acquisition of the Val Halla Apartments. Investment Group agreed to comply with the CDBG regulations by designating rental units in the Val Halla Apartments for low-income households, agreeing to HUD's affordability period restrictions and rehabilitating the apartments.

In exchange for Unity House's agreement to resolve the CDBG issues, the City agreed to settle its pending law suit against Unity House as required by Unity House as part of the resolution of the CDBG issue and HUD monitoring findings, bringing to closure the differences between the City and Unity House while assisting low-income families.

In closing, should you have any questions concerning my comments please call me at 808-522-8180, extension 264.

Sincerely,

Mark A. Chandler, Director
Office of Community Planning
  and Development

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| UNITY HOUSE, INCORPORATED, <br> In Receivership | ) <br> ) <br> ) | CIVIL NO. 05-1-2218-12 BIA <br> (Other Non-Vehicle Tort) |
| Plaintiff, | ) <br> ) | |
| vs. | ) <br> ) <br> ) | NOTICE OF HEARING MOTION AND <br> CERTIFICATE OF SERVICE |
| RUDY L.K. TAM and INVESTMENT <br> GROUP, LLC, a Hawaii limited liability <br> company, | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) <br> ) <br> ) | |

NOTICE OF HEARING MOTION

TO:     **STEVEN M. EGESDAL, ESQ.**
ASB Tower, Suite 220
1001 Bishop Street
Honolulu, Hawaii, 96813

**BROOK HART, ESQ.**
333 Queen Street, Suite 610
Honolulu, Hawaii, 96813

Attorneys for Plaintiff
UNITY HOUSE, INC, In Receivership

NOTICE IS HEREBY GIVEN that Defendant's Motion to Dismiss Complaint

shall come for hearing before the Honorable Bert Ayabe, Judge of the above-entitled Court, in

his Courtroom, at the First Circuit Court, State of Hawaii, Kaahumanu Hale, 777 Punchbowl

Street, 4th Floor, Honolulu, Hawaii, 96813, on _____ JUN 14 _____, 2006 at __10:00__

_a._m. or as soon thereafter as counsel may be heard.

DATED:    Honolulu, Hawaii, MAY 0 8 2006 _____.

_____
GRANT K. KIDANI
ALAN L. WONG
Attorneys for Defendants
RUDY L.K. TAM and
INVESTMENT GROUP, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on MAY 0 8 2006 _____, a copy of the foregoing document was duly served upon the following at his/their last known address(es) in the manner indicated below:

HAND-DELIVERED        MAILED

(XXX)            **STEVEN M. EGESDAL, ESQ.**
                 ASB Tower, Suite 220
                 1001 Bishop Street
                 Honolulu, Hawaii, 96813

(XXX)            **BROOK HART, ESQ.**
                 333 Queen Street, Suite 610
                 Honolulu, Hawaii, 96813

DATED:    Honolulu, Hawaii, MAY 0 8 2006 _____.

_____
GRANT K. KIDANI
ALAN L. WONG
Attorneys for Defendants
RUDY L.K. TAM and
INVESTMENT GROUP, LLC

2