KIDANI LAW CENTER
Attorneys at Law
A Law Corporation

| | |
|---|---|
| GRANT K. KIDANI | 2152-0 |
| ALAN L. WONG | 7051-0 |

300 Kidani Law Center
233 Merchant Street
Honolulu, Hawaii 96813
Telephone: (808) 521-0933

Attorneys for Defendants
RUDY L.K. TAM and INVESTMENT GROUP, LLC

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2006 JUN -9 PM 3:00

E. ALAGAO
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| UNITY HOUSE, INCORPORATED, In Receivership,<br><br>Plaintiff,<br><br>vs.<br><br>RUDY L.K. TAM and INVESTMENT GROUP, LLC, a Hawaii limited liability company,<br><br>Defendants. | CIVIL NO. 05-1-2218-12 BIA<br>(Other Non-Vehicle Tort)<br><br>DEFENDANTS RUDY L.K. TAM AND INVESTMENT GROUP, LLC'S **REPLY MEMORANDUM** TO PLAINTIFF UNITY HOUSE, INCORPORATED'S MEMORANDUM IN OPPOSITION TO DEFENDANTS RUDY L.K. TAM AND INVESTMENT GROUP, LLC'S COMBINED MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF FILED ON JANUARY 6, 2006 OR IN THE ALTERNATIVE A CONTINUANCE TO DETERMINE THE REAL PARTY IN INTEREST; CERTIFICATE OF SERVICE<br><br>Date: June 14, 2006<br>Time: 10:00 a.m.<br>Judge Bert I. Ayabe |

EXHIBIT **B**

DEFENDANTS RUDY L.K. TAM AND INVESTMENT
GROUP, LLC'S **REPLY MEMORANDUM** TO
PLAINTIFF UNITY HOUSE, INCORPORATED'S
MEMORANDUM IN OPPOSITION TO
DEFENDANTS RUDY L.K. TAM AND INVESTMENT
GROUP, LLC'S COMBINED MOTION TO DISMISS
FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF FILED ON JANUARY 6, 2006 OR IN THE ALTERNATIVE A
<u>CONTINUANCE TO DETERMINE THE REAL PARTY IN INTEREST</u>

COME NOW Defendants RUDY L.K. TAM and INVESTMENT GROUP, LLC (hereinafter individually referred to as "Mr. Tam" and "Investment Group" respectively and collectively referred to as "Defendants"), by and through their attorneys the KIDANI LAW CENTER, and hereby reply to <u>Plaintiff Unity House, Incorporated's Memorandum In Opposition To Defendants Rudy L.K. Tam And Investment Group, LLC'S Combined Motion To Dismiss First Amended Complaint For Injunctive And Other Relief Filed On January 6, 2006 Or In The Alternative A Continuance To Determine The Real Party In Interest</u> filed on June 2, 2006 (hereinafter referred to as "Memorandum In Opposition").

I.  **ARGUMENT**

Plaintiff Unity House ("Plaintiff") makes procedural arguments and misleading arguments. This is a combined motion to dismiss or in the alternative a motion for a continuance to determine the real party in interest. With respect to the motion to dismiss, Defendants are precluded from introducing facts which cannot be found in the Complaint or through judicial notice. However, Plaintiff would have the Court believe that the failure to deny is an admission of that allegation.[1] This is not true. Defendants are simply limited by the procedural restrictions of these motions at this stage of the litigation.

---

[1] See p. 6 of Memorandum in Opposition ("Tam never denies he was a fiduciary of Unity House. Tam never denies using the Unity House funds specified in the Complaint to develop the Val Hala Apartments project, through his company, Investment Group, LLC. That reality sets the tone for disposing of Tam's motion."

2

Plaintiff's Complaint is not the common situation where the claims can be rehabilitated with additional allegations. The factual allegations in the Complaint itself contradict the conclusory allegations Plaintiff uses to support its claims. Plaintiff alleges it previously settled all claims as to the $1.1 million. Plaintiff then states it had claims on the $1.1 million. No amount of allegations viewed in the light most favorable to Plaintiff will fix this and the Complaint should be dismissed.

A. **IT IS UNREASONABLE TO ARGUE THAT DEFENDANTS SHOULD HAVE HAD ADVANCE KNOWLEDGE OF AN ORDER THAT HAD NOT YET BEEN FILED**

In all fairness to Defendants, United States v. Rutledge, 437 F.3d 917 (9th Cir. 2006) ("Rutledge I") was withdrawn **after** Defendants filed their motions. Rutledge I was withdrawn by the Order filed **May 11, 2006** in United States v. Rutledge, 2006 WL 1277883 (9th Cir. (Hawaii)) ("Rutledge II") Defendants filed the instant motion on **May 9, 2006**, to which this Court may take judicial notice.

The Ninth Circuit only withdrew Rutledge I because it had become moot by the February 6, 2006 plea agreement. Rutledge I had been filed on February 14, 2006 because the Ninth Circuit did not have knowledge of the plea agreement at that time. This is stated in Rutledge II. Although Rutledge I was withdrawn because of the plea agreement rendering the appealed issue moot, the facts contained therein will not change should this case go to trial.

B. **THE SETTLEMENT AMONGST PLAINTIFF, DEFENDANT INVESTMENT GROUP, AND CITY FINALLY RESOLVED PLAINTIFF'S CURRENT CLAIMS**

Plaintiff obfuscates the main issue by repeatedly claiming that it had the right to the $1.1 million in CDBG funds and/or the Val Hala Apartments opportunity and that these allegations must be accepted as true under HRCP, Rule 12(b)(6). The problem, which Plaintiff

does not directly address, is that Plaintiff also states that it previously **settled** any claims it had to the $1.1 million in CDBG funds and the Val Hala Apartments in other litigation. Plaintiff, which alleged the terms of the settlement in its Complaint, is bound by the terms of that settlement.

It is well settled that "when parties enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it." Dowsett v. Cashman, 2 Haw. App 77, 82 (1981). Policy favors settlements. Miller v. Manuel, 9 Haw. App. 56, 63 (1992). Not only does it bring finality to the uncertainties of the parties, it is consistent with court policy to amicably, efficiently, and inexpensively resolve disputes. State Farm v. Pacific Rent-All, 90 Haw. 315, 323 (1999). Hence, a "properly executed settlement agreement generally precludes future litigation for its parties" and disposes of all issues the parties intended to settle. Id.

At best, and viewing the facts in the light most favorable to Plaintiff, Plaintiff is claiming that instead of **settling** the City's claims by returning the $1.1 million in CDBG funds to the City to then be transferred to Defendant Investment Group[2], Plaintiff should have **settled** the City's claims by returning the $1.1 million in CDBG funds to the City to then be transferred to "Unity House such that Unity House might undertake the project in its own name."[3] Plaintiff then blames Defendants for the project not being in the name of Unity House (this is despite the fact that Defendants acted in no way as legal counsel for Plaintiff). See, pp. 7-14 of Complaint attached as Exhibit "A" to Motion.

However, Plaintiff is bound by the settlement which, as alleged in the Complaint, states that Plaintiff settled the City's claims against it by relinquishing its right, if any, to the $1.1 million in CDBG funds to the City which was then transferred to Defendant Investment Group. See, ¶¶ 20 and 21 of Complaint attached as Exhibit "A" to Motion. Plaintiff intended to settle

---

[2] See, ¶ 21 of Complaint attached as Exhibit "A" to Motion.
[3] See, ¶ 18 of Complaint attached as Exhibit "A" to Motion.

4

this issue. See, ¶ 16 of Complaint attached as Exhibit "A" to Motion ("Unity House and the City began settlement negotiations intended to resolve the dispute over Phase II as well as the issue of the missing program income.") Plaintiff cannot raise this same issue again and seek recovery of that same money against Defendants. Plaintiff, City, and Defendant Investment Group all signed the settlement agreement resolving these issues. See, ¶ 19 of the Complaint attached as Exhibit "B" to the Motion. Therefore, there can be no corporate opportunity to usurp since Plaintiff did not own or have a right to determine how the $1.1 million in CDBG funds should be spent. Any rights Plaintiff may have had were compromised in exchange for settling the City's claims against it.

According to the Complaint, Plaintiff is allegedly "suffering" from a bad settlement for which it blames Defendants. It is convenient for Plaintiff to argue that the settlement should have been where it used the CDBG funds, and not Defendant Investment Group, (since Plaintiff had already been illegally holding on to those funds for a year and been sued by the City for the return of those funds all of which is alleged in the Complaint). But that is not how settlements work. Plaintiff does not have a claim against Defendants for the $1.1 million in CDBG funds while the settlement agreement is still in force because the settlement says that Plaintiff **agreed** to return the money to the City. Plaintiff has not made any allegations that would justify repudiating that part of the settlement. In re Doe, 90 Haw. 200, 210 (Haw. App. 1999) (A settlement cannot be set aside except on grounds that would justify rescission.). Further, Plaintiff is not even trying to set aside the settlement, it simply wants to unilaterally change the terms of the settlement for its own benefit and the detriment of Defendants. Plaintiff is not permitted to repudiate the settlement while enjoying its benefits. Kam Chin Chun Ming v. Kam Hee Ho, 45 Haw. 521, 563 (1962).

### C. THE REMAINING CLAIMS FAIL

All of Plaintiff's claims against Defendants rely on Plaintiff's rights to the $1.1 million in CDBG funds. Plaintiff had no rights in the $1.1 million in CDBG funds.

➢ There can be no claim for corporate usurpation because (1) there was no corporate opportunity due to lack of ownership over the CDBG funds and (2) Plaintiff consented by signing the settlement agreement.

➢ There can be no claim for breach of contract because Plaintiff consented to the settlement of the previous litigation with the City and County of Honolulu, and for which there was consideration as the litigation was settled to everyone's agreement.

➢ There can be no claims for breach of fiduciary duties or breach of duty of good faith and fair dealing because they are derivative of the breach of contract claim.

➢ There can be no claim for unjust enrichment/restitution/disgorgement/ constructive trust because Plaintiffs are not entitled to a constructive trust or the use of the $1.1 million in CDBG funds.

## II. CONCLUSION

Based on the foregoing reasons, the Memorandum in Support of Motion, and the records and files herein, it is respectfully submitted and requested that this Honorable Court dismiss Plaintiff's First Amended Complaint, filed on January 6, 2006 with prejudice and award

Defendants their attorneys' fees and costs in defending this action.

DATED:    Honolulu, Hawaii, _____JUN 0 9 2006_____.

_____
GRANT K. KIDANI
ALAN L.W ONG
Attorneys for Defendants
RUDY L.K. TAM and
INVESTMENT GROUP, LLC

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| UNITY HOUSE, INCORPORATED,<br>In Receivership<br><br>                    Plaintiff,<br><br>vs.<br><br>RUDY L.K. TAM and INVESTMENT<br>GROUP, LLC, a Hawaii limited liability<br>company,<br><br>                    Defendants. | CIVIL NO. 05-1-2218-12 BIA<br>(Other Non-Vehicle Tort)<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on ___JUN 0 9 2006___, a copy of the foregoing document was duly served upon the following at his/their last known address(es) in the manner indicated below:

HAND-DELIVERED        MAILED

(XXX)                              **STEVEN M. EGESDAL, ESQ.**
                                    ASB Tower, Suite 220
                                    1001 Bishop Street
                                    Honolulu, Hawaii, 96813

HAND-DELIVERED          MAILED

(XXX)                   **BROOK HART, ESQ.**
                        333 Queen Street, Suite 610
                        Honolulu, Hawaii, 96813

DATED:   Honolulu, Hawaii, ___JUN 0 9 2006_____.

_____
GRANT K. KIDANI
ALAN L. WONG
Attorneys for Defendants
RUDY L.K. TAM and
INVESTMENT GROUP, LLC

2