# CARLSMITH BALL LLP

A LIMITED LIABILITY LAW PARTNERSHIP

ASB TOWER, SUITE 2200
1001 BISHOP STREET
HONOLULU, HAWAII 96813
TELEPHONE 808.523.2500   FAX 808.523.0842
WWW.CARLSMITH.COM

DIRECT DIAL NO.
808.523.2546

SEGESDAL@CARLSMITH.COM

May 8, 2006

By mail and fax (526-9138)
Grant K. Kidani, Esq.
300 Kidani Law Center
233 Merchant Street
Honolulu, HI 96813-2995

Re:   Unity House Inc. v. Rudy Tam et al.; Civil No. 05-1-22-18-12 (BIA)

Dear Grant:

I respond to your May 5, 2006 demand letter.

*S. Utsunomiya v. Moomuku Country Club*, 866 P.2d 951, 996 (Haw. 1994), held that the application of lis pendens should be limited to actions directly seeking to obtain title to or possession of real property. Unity House Inc.'s complaint seeks to obtain title to and possession of real property--the Val Hala apartments. Unity House, Inc. seeks that property because it rightfully belongs to Unity House. Your client was a fiduciary to Unity House; he diverted funds that Unity House, Inc. had the right to use, and he usurped an opportunity that belonged to Unity House. He breached his fiduciary duties to Unity House, Inc., and now he must disgorge all benefits derived from that breach. The law is clear on the result. Courts do not like agents that cheat their principals.

In short, applying *S. Utsunomiya* to the allegations of Unity House, Inc.'s complaint shows that Unity House, Inc.'s lis pendens is proper.

If your client files a motion to expunge, the circuit court must restrict its view to the face of the complaint. The merits of the case will be irrelevant. *Utsunomiya* confirms those points. 866 P.2d at 964. If you file a motion to expunge, Unity House will seek Rule 11 sanctions against your client. You have been put on notice of the relevant law and material facts.

Filing a lis pendens is absolutely privileged under the litigation privilege; it is a publication made in the course of a judicial proceeding. Your threatened legal action against Unity House, Inc. concerning the lis pendens therefore has no sting.


EXHIBIT F

HONOLULU  ·  KAPOLEI  ·  HILO  ·  KONA  ·  MAUI  ·  GUAM  ·  SAIPAN  ·  LOS ANGELES

Grant K. Kidani, Esq.
May 8, 2006
Page 2

      If your clients wish to resolve this matter, we should meet immediately to discuss the transfer of Val Hala apartments to Unity House, Inc. as soon as possible. That resolution may allow your client to mitigate damages to third persons and reduce exposure to Unity House, Inc. It would seem prudent for your client to do so, given his grave health problems, so he would not burden his family or estate with long, hard, and expensive litigation.

      Finally, I asked a professional courtesy of you in December 2005 on the service of process. You refused. Your client then evaded service of process for months, by sheriff and by mail. On the eve of the return date for the service by publication, you served me with a frivolous motion to dismiss the *wrong* complaint. I still did not object when your associate asked for two more weeks to respond to the complaint, the substance of which you have had since December 2005. But my patience now grows thin. If you wish to meet to resolve this matter **this week**, please let me know. If not, I will begin next week, in earnest, to pursue vigorously all appropriate legal actions against your clients.

      **This entire letter is covered by Rule 408.**

                                    Sincerely,

                                    Steven M. Egesdal

4833-7924-9921.1