IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00438 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AARON A. RUTLEDGE, | ) | |
| ANTHONY A. RUTLEDGE, SR., | ) | |
| a/k/a "TONY" RUTLEDGE, | ) | |
| STAR-BEACHBOYS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART PY, INC.'S OBJECTIONS TO STIPULATED PROPOSED ORDER DISCHARGING THE RECEIVER

On June 2, 2006, this Court signed a stipulated proposed order ("Discharge Order") to dissolve the court appointed receiver, EG&G Technical Services, Inc., and its agent, Anthony Pounders ("Receiver"), from any further involvement with this case and the management of Unity House, Inc.

On June 23, 2006, PY, Inc. ("PY") filed the instant Objections to Stipulated Proposed Order Discharging the Receiver stemming from the following background facts.

PY is a real estate broker that handled several real estate transactions for Unity House, Inc. ("Unity House") including negotiating a sale of the Marks Estate to Douglas Himmelfarb. Himmelfarb and Unity House entered into a purchase agreement, but were unable to close the deal within the prescribed deadline. In August 2005, Himmelfarb filed suit seeking specific performance of the purchase agreement. The parties submitted the dispute to mediation, and subsequently reached a settlement agreement on a purchase price of $4,410,000. PY then filed suit in state court claiming an entitlement to fees stemming from the purchase.

Page 11 of the Receiver's Final Report contains a discussion regarding PY's claim of entitlement to attorneys' fees, stating in part:

> This claim was made despite the fact that the completed sale arose out of a new DROA that was executed as part of the settlement agreement and that protection periods from the prior DROA had expired. Although the Receiver believes that Mr. Enomoto's claims lacks merit and that Unity House may have a claim against Mr. Enomoto for breaches of his obligations to Unity House during the 2004 negotiations and during the pendency of Mr. Himmelfarb's lawsuit, the Receiver was compelled to agree to escrow's withholding of the disputed $132,000 in order to permit the transaction with Mr. Himmelfarb to close as scheduled.

PY objects to the Discharge Order to the extent that the above statements would be binding upon any issue or claim involved with the merits of PY's alleged entitlement to a sales commission from Himmelfarb's purchase of the Marks' Estate.

PY also claims that the Receiver did not pay an agreed upon commission of $180,750 arising out of the sale of property located at 720 Kapiolani Blvd ("Kapiolani Property").  Accordingly, PY objects to any provision in the discharge order that would impede its ability to collect on the remaining amount of the commission allegedly owed.

During the October 23, 2006 hearing regarding objections to the Discharge Order, PY and Unity House stated that they are in the process of negotiating payment for the commission arising out of the sale of the Kapiolani Property.  Furthermore, Unity House does not dispute that responsibility for such payment lies with it and not the Receiver.  Therefore, to the extent that PY's objects to language in the Discharge Order in connection with the sale of the Kapiolani Property, that objection is denied.

With regard to Paragraph 11 of the Final Report, these statements are ancillary to the Discharge Order and reflect only the Receiver's opinion regarding PY's claim for commission in connection with the Marks' Estate.  They were not

intended by this Court to operate as res judicata or to bind the parties in any other pending litigation.  Therefore, the Receiver is hereby ordered to revise Paragraph 11 to reflect language that is agreeable to PY, Inc.

## CONCLUSION

For the reasons stated above, the Court hereby GRANTS IN PART AND DENIES IN PART PY, Inc.'s Objections to Stipulated Proposed Order Discharging the Receiver.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 25, 2006.



_____
David Alan Ezra
United States District Judge

United States of America vs. Aaron A. Rutledge, et al., CR. No. 02-00438 DAE; ORDER GRANTING IN PART AND DENYING IN PART PY, INC.'S OBJECTIONS TO STIPULATED PROPOSED ORDER DISCHARGING THE RECEIVER