ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 2 0 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

UNITED STATES OF AMERICA,              )   Criminal No. 02-00438 DAE
                                       )
            Plaintiff,                 )   **AMENDED STIPULATED FINAL**
                                       )   **ORDER DISCHARGING THE**
      v.                               )   **RECEIVER; EXHIBIT 1**
                                       )
AARON A. RUTLEDGE, ANTHONY             )
A. RUTLEDGE, SR., a/k/a "TONY"         )
RUTLEDGE, STAR-BEACHBOYS,              )
INC.,                                  )
                                       )
            Defendants.                )
                                       )
                                       )
_____  )
                                       )
                                       )
                                       )

LODGED

NOV 1 4 2006

CLERK, U. S. DISTRICT COURT
DISTRICT OF HAWAII

## BACKGROUND

This criminal case involved allegations that defendants engaged in tax evasion and committed mail and wire fraud in the course of a scheme to gain control over a Hawaii non-profit labor benefits corporation known as Unity House, Inc. ("Unity House"), and its substantial assets. In its Third Superseding Indictment (the "Indictment"), issued on December 2, 2004, the Grand Jury found that specified assets of the defendants Anthony Rutledge, Sr. and Aaron Rutledge were subject to criminal forfeiture in the event of a conviction. Among these assets were the assets of Unity House, Inc.

On December 10, 2004, Senior Judge Samuel P. King issued an ex parte, post-indictment restraining order (the "Restraining Order"), which permitted the United States to seize the potentially forfeitable assets and take control over Unity House. Consistent with the terms of the Restraining Order, extended by Judge David Alan Ezra through the issuance of a preliminary injunction, EG&G

Technical Services, Inc. (the "Receiver") was appointed and, since December 2004, had been overseeing the operations of Unity House by and through its employee, Anthony Pounders.

The criminal proceedings in this case were terminated by the acceptance of plea agreements between the government and each of the criminal defendants in early February, 2006. Although the Ninth Circuit later issued an opinion that questioned the factual and legal basis for the receivership, the Ninth Circuit subsequently withdrew that opinion on May 11, 2006, on the ground that the plea agreements had rendered moot a defendant's appeal. Thus, the Ninth Circuit appeal had no ultimate impact on the validity of the receivership.

After the acceptance of the plea agreements, the Court issued orders extending the authority of the Receiver to wind up certain enumerated transactions prior to the filing of its Final Report, the complete transition of Unity House management to the Unity House Board of Directors, and the issuance of this Amended Discharge Order. Pursuant to the Court's order of March 14, 2006, the Receiver filed its Final Report on May 19, 2006. The Final Report demonstrates, among other things, that the organization's fund balance improved substantially during the course of the receivership.

On June 2, 2006, the Court signed a stipulated proposed discharge order, to which certain objections were filed. Specifically, Unity House filed a limited objection intended to ensure its ability to audit the Receiver's attorneys' fees after the date of discharge. Docket #499. Rudy Tam and Investment Group LLC filed an objection intended to protect Mr. Tam's rights in pending litigation against Unity House in a Hawaii state court. Docket #502. PY, Inc. filed a similar objection, intended to ensure that nothing in the discharge order operated as res judicata with respect to its claims against Unity House for contested commissions

relating to certain real estate sales. Docket #503. Finally, the United States filed an objection to a provision in the proposed discharge order that could have required the United States to indemnify the Receiver in certain circumstances. Docket #509.

On October 23, 2006, the Court held a status conference on the record in open court regarding the pending objections. At that status conference, and reflected in subsequent Court orders, the Court denied the objection of Rudy Tam and Investment Group LLC. Docket #515. The Court denied Unity House's request to audit the Receiver's attorneys' fees after the date of discharge because the Court had previously found that all fees and expenses incurred by the Receiver were "reasonable and necessary to carry out the Receiver's obligations." Docket #514; *see also* para. 8, *infra.* The Court granted PY, Inc.'s objection in part, agreeing that certain language in the Receiver's Final Report should not be construed as res judicata against PY, Inc., in its pending litigation against Unity House. Docket #516. The Court received and made a part of the record a follow-up report from the current Unity House Board of Directors, attached hereto as Exhibit 1. Finally, the Court granted the United States' objection, agreeing that the United States cannot be ordered prospectively to indemnify the Receiver. Docket #513. The present Order is consistent with and reflects these rulings.

## DISCHARGE ORDER

Having considered the Final Report of the Receiver, the other filings by the Receiver in this case, the record, and being fully familiar with the activities of the Receiver, its employees, agents, and attorneys, the Court HEREBY ORDERS:

1.    The Receiver's Final Report is hereby approved. However, nothing on page 11 of the Final Report shall operate as res judicata or otherwise bind the parties in *PY, Inc. v. Unity House, Inc., et al.,* Civil No. 1CC06-1-000666, First

Circuit Court, State of Hawaii;

     2.     The Court finds and concludes that all actions taken by the Receiver, its employees, agents, and attorneys, including any failures to act, with respect to all matters related to or arising out of the receivership, have been reasonable, undertaken in good faith, consistent with the best interests of Unity House and its beneficiaries, and carefully and faithfully executed pursuant to this Court's orders;

     3.     The Court further finds and concludes that the Receiver, its employees, agents, and attorneys, are entitled to absolute derivative judicial immunity for their actions taken, or their failures to act, in all matters related to or arising out of the receivership, and, as consistent with the law of receiverships: *see New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1303 (9th Cir. 1989); *see also Davis v. Bayless*, 70 F.3d 367, 373 (5th Cir. 1995); *Kermit Constr. Corp. v. Banco Credito Y Ahorro Ponceno*, 547 F.2d 1, 3 (1st Cir. 1976); *Bradford Audio Corp. v. Pious*, 392 F.2d 67, 73 (2d Cir. 1968). None of the actions of the Receiver, its employees, agents, and attorneys, were undertaken "in the clear absence of jurisdiction." *New Ala. Dev. Corp.*, 869 F.2d at 1303-04;

     4.     The Receiver, its employees, agents, and attorneys are hereby released and relieved from all claims and liability of any nature whatsoever which were brought or could have been brought in connection with the receivership, including but not limited to objections to fees and costs, the conduct of the receivership, and the issuance and content of any of the Receiver's reports; and any and all events, acts, and actions, including any failures to act or take any action of whatever type, kind or character, from the inception of the subject legal proceedings through and including the date of this Amended Discharge Order;

     5.     Except as permitted in and by this Amended Discharge Order, all persons are hereby permanently enjoined from commencing or prosecuting,

without leave of this Court, any action against the Receiver, its employees, agents, or attorneys in connection with or arising out of the services provided by the Receiver, its employees, agents, or attorneys in connection with this receivership, for and with respect to any and all events, acts, and actions, including any failures to act or take any action of whatever type, kind or character, from the inception of the subject legal proceedings through and including the date of this Amended Discharge Order;

6.      Except where expressly noted in this Amended Discharge Order, this Order shall be res judicata as to all parties to this action and all interested persons who have received actual or constructive notice of this Amended Discharge Order *vis a vis* any claims that were or could have been made regarding the Receiver, its services, the receivership, fees, the content and issuance of the Receiver's reports, and anything else relating to the receivership;

7.      Within thirty (30) days after the date on which the Court signs this Amended Discharge Order, Unity House, Inc., shall pay in full any unpaid invoices of the Receiver and its attorneys for services rendered up to and including the date of this Order. If the Receiver, its agents, or its attorneys are obligated to render any services in this matter subsequent to the date of this Order, this Court shall entertain a motion of the Receiver to require Unity House, Inc., to pay the fees and costs of the Receiver, its agents, and/or its attorneys for so doing;

8.      To the full extent permissible under Article III of the United States Constitution, this Court hereby retains jurisdiction to enforce and implement the terms of this Amended Discharge Order and to exercise jurisdiction over any suits related to or arising out of the receivership. The provisions of this Amended Discharge Order shall survive final judgment in this action;

9.    Final judgment having previously been entered on the claims asserted by the parties herein, and the Receiver's Final Report having been approved by this Amended Discharge Order, the receivership previously established under the Restraining Order and the subsequent preliminary injunction shall be and the same are hereby CONCLUDED and the RECEIVER is hereby DISCHARGED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: _____NOV 2 0 2006_____

The undersigned hereby stipulate to, and approve the form and content of, the foregoing proposed order:

Brook Hart
Counsel for the Receiver

Dated: 11/10/06

Edmund Power or John Cox
Counsel for the United States

Dated: _____

Randall Harakal, Esq.
Unity House, Inc.

Dated: _____

7

The undersigned hereby stipulate to, and approve the form and content of, the foregoing proposed order:

Brook Hart
Counsel for the Receiver

Dated: _____

Edmund Power or John Cox
Counsel for the United States

Dated: ___11/14/06_____

Randall Harakal, Esq.
Unity House, Inc.

Dated: _____

7

The undersigned hereby stipulate to, and approve the form and content of, the foregoing proposed order:

_____
Brook Hart
Counsel for the Receiver


Dated: _____


_____
Edmund Power or John Cox
Counsel for the United States


Dated: _____


_____
Randall Harakal, Esq.
Unity House, Inc.


Dated: _11-10-06_____

7

Jeffrey S. Portnoy
Counsel for Unity House, Inc.

Dated: November 13, 2006

Mark S. Kawata
Counsel for PY, Inc.

Dated: _____

Jeffrey S. Portnoy
Counsel for Unity House, Inc.


Dated: _____


Mark S. Kawata
Counsel for PY, Inc.


Dated: _11/03/06_____

8